JOHN ERICKSON *vs.* CHRISTOPHER ROEHM and another.

January 3, 1885.

**Stolen Promissory Note—Estoppel—Evidence.—Evidence *held* as not**
tending to show an estoppel.

Plaintiff brought this action in the district court for Clay county
against the defendants as makers of the following instrument, viz.:

"$300.              GEORGETOWN, May 5, 1883, Clay County, Minn.
"Six months after date I promise to pay Johan Johnson the sum of
three hundred dollars, with interest at seven per cent. until paid.
                                        "CHRISTOPHER ROEHM.
                                        "ADAM STEIN."

The defence to the action was based upon the facts that after the
defendants had made and delivered the above note, it was returned
to them because non-negotiable, and a negotiable note was given in
its place, and that subsequently the note in suit was stolen from the
defendants.

The action was tried by *Stearns, J.*, and a jury, and defendants
had a verdict. Plaintiff appeals from an order refusing a new trial.

*Burnham, Mills & Tillotson* and *Mosness & Douglas,* for appellant.

*Coleman & Bornstedt,* for respondent.

GILFILLAN, C. J. Action on a note not negotiable, for $300, pay-
able to Johan Johnson. The only question in the case is on the charge
of the court to the effect that there was no evidence in the case to
establish an estoppel. Plaintiff claimed that defendants were es-
topped to deny the validity of the note. The only evidence on which
the claim is made established only these facts: May 3, 1883, the
defendants executed and delivered the note to Johnson. A few days
after, he, discovering it to be non-negotiable, brought it back, and
requested them to give him instead a negotiable note. This they did,
and he surrendered the first note to Roehm, who put it on the safe in
his store. It was afterwards stolen, but under what circumstances

does not appear, and it was transferred by Johnson to plaintiff. Afterwards, and before plaintiff had fully paid Johnson for the note, apparently on some inquiry made by plaintiff, both notes being at the time outstanding, Roehm, not knowing that any but the second note was out, wrote him that "the note that Johan Johnson holds against me for the sum of three hundred dollars ($300) is correct." There is no evidence tending to show negligence on the part of Roehm in regard to the larceny of the note, and none can be charged against him in the writing of the letter, as he did not know at the time that this note was out. The charge was correct.

Order affirmed.