Neuhoff v. O'Reilly.

NEUHOFF, *Administrator, Appellant,* v. O'REILLY.

1. **Transfer of Note:** APPARENT OWNER. Where the true owner of a negotiable note over-due, or of a non-negotiable note, clothes another with the usual evidence of ownership, or with full power of disposition, and third persons are thereby led into dealing with such apparent owner and receive a transfer of the same, they will be protected. (*Lee v. Turner,* 89 Mo. 489, *affirmed*).

2. ———: ———. Where one of two innocent persons must suffer for the wrongful act of another, he must suffer who placed the party doing the wrong in a position to do it.

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

AFFIRMED.

*Krum & Jonas* and *S. N. Holliday* for appellant.

(1) John Dwyer, as administrator of Margaret Dwyer, had no authority to sell the note in controversy to the respondent, and his attempted sale passed no title. 1 Wagner's Statutes, sec. 10; R. S., sec. 212; *Wolff v. Berning,* 74 Mo. 96. (2) As the respondent acquired no title to the note in controversy, and the agreed facts show that he converted it to his own use, the appellant is entitled to maintain the present action. (*a*) At once, upon the delivery of the note by Dwyer to the respondent, Dwyer, as administrator, could have sued for its recovery. No estoppel against himself was worked by his sale. *Wolff v. Berning, supra.* (*b*) A distributee of the estate of Margaret, Dwyer also became entitled to sue upon the bond of the administrator for his waste. *State to use v. Thornton,* 56 Mo. 327. (*c*) One of the sureties of the administrator, having satisfied the judgment obtained against her by

reason of the default of her principal, became thereby subrogated to the right, both of the principal and of the distributees against the respondent. *Sweet, Adm'r, v. Jeffries*, 48 Mo. 280. (*d*) If the equity of subrogation to the rights of the distributees be regarded as the foundation of the rights of the surety, the path to recovery is plain. *Saint v. Ledgard*, 14 Ala. 244; *Bittick v. Wilkins*, 7 Heisk. 307; *Hart v. Railroad*, 13 Metc. 108; *Skiff v. Cross*, 21 Iowa, 459; *Keokuk v. Love*, 13 Iowa, 119; *Fernow v. Bank*, 44 Mo. 338; *Allison v. Sutherland*, 50 Iowa, 377; *Kennedy v. Pickens*, 3 Ired. Eq. 147; *Taylor v. Taylor*, 8 B. Mon. (Ky.) 419. (3) Appellant is entitled to maintain this suit by reason of his *status* as administrator succeeding a predecessor whose letters were revoked. R. S., sec. 55; *State to use v. Fulton*, 35 Mo. 323; *State ex rel. v. Dwelle*, 45 Mo. 272.

*Leo Rassieur* and *Dexter Tiffany* for respondent.

(1) If respondent acquired no title by his purchase, but was, in law, guilty of a conversion of the note, action against him was barred by the statute of limitations pleaded. The surety could be subrogated to no greater right than the principal or distributees had, which was to bring suit within five years from December 15, 1874. Sheldon on Subrogation, 6; *Rittenhouse v. Leavring*, 6 S. & W. 199; *Fink v. Mahaffy*, 8 Watts. 384; Brandt on Suretyship, sec. 284; *Dozier v. Lewis*, 27 Miss. 679. (2) After the distributees elected to sue upon the bond, there was no right in any one, either distributee or administrator, against O'Reilly. (3) Where one of two innocent persons must suffer, he must suffer who has placed the party doing the wrong in a position to do it. *Bank v. Bank*, 71 Mo. 197; *Lee v. Turner*, 89 Mo. 489; *McNeil v. Bank*, 46 N. Y. 329; *Moore v. Bank*, 55 N. Y. 41; *Wainrick v. Bank*, 16 Ohio, 296;

*Combes v. Chandler*, 18 Alb. Law Jour. 358; *Bank v. O'Connell*, 23 Mo. App. 165. (4) Even if respondent should waive the statutory bar, and even if respondent were liable to the surety in a proper action, the present plaintiff is not the real party in interest and cannot maintain this suit. *State v. Thornton*, 56 Mo. 327.

NORTON, C. J.—This case was tried in the circuit court of the city of St. Louis on the following agreed statement of facts:

Margaret Dwyer died intestate December 20, 1874, owning a note of which the following is a copy, to-wit:

"St. Louis, Mo., December 15, 1871.

"One year after date we promise to pay to the order of James Clements, two thousand dollars, for value received, negotiable and payable without defalcation or discount, at the office of M. B. O'Reilly and Bernard J. O'Reilly, St. Louis, Missouri, with interest at the rate of ten per cent. per annum after maturity.

"FRANK X. McCABE,
"ELIZABETH T. McCABE,
"REBECCA McCABE,
"EDWARD W. McCABE,
"LEWIS L. McCABE."

Which said note was endorsed as follows:

"MARGARET ( her X mark) DWYER,
"JOHN DWYER.

"Witness:     "MARTIN T. SWEENEY."

The said note was secured by deed of trust of even date, given by the makers of said note, on real estate in the city of St. Louis, which deed of trust is recorded in book 447, page 2, and following, of the records, in the recorder's office, of the city of St. Louis.

John Dwyer was appointed administrator of his wife, Margaret Dwyer, by the probate court of the county (now city) of St. Louis, December 29, 1874, and gave bond, as such administrator, of same date, for four thousand dollars, with Thomas Coffey and Wm. Laing, sureties thereon.

The note aforesaid for two thousand dollars came into the hands of John Dwyer (as administrator of Margaret Dwyer) on the thirtieth of December, 1874. He failed to inventory said note, and was ordered by the said probate court, on July 17, 1876, to inventory said note. He never did inventory the same. On May 1, 1878, letters of administration to John Dwyer, on Margaret Dwyer's estate, were revoked by said probate court, and Hector Neuhoff was appointed administrator, *de bonis non*, of said Margaret Dwyer's estate, May 26, 1882.

On the —— day of December, 1874, John Dwyer, for a full consideration, sold and transferred said note to defendant, M. B. O'Reilly, who had no other knowledge of the note than was imparted by the note and its endorsements. The makers of said note paid said O'Reilly the following sums, at the respective dates mentioned on said note: July 15, 1875, $100; December 22, 1875, $100; June 22, 1876, $100; December 11, 1876, $100; June 21, 1877, $100; December 20, 1877, $100; June 21, 1878, $100; June 21, 1878, $500; January 24, 1879, $1,389; June 23, 1879, $10; November 3, 1879, $210. And on November 8, 1879, defendant entered satisfaction on the margin of the record of said deed of trust, in words and figures following, to-wit:

"I, the undersigned, assignee of the *cestui que trust* in the deed of trust recorded in part on this page and executed by Elizabeth T. McCabe, acknowledge full satisfaction of said deed of trust, and forever re-

lease the property therein conveyed from the encumbrance created thereby.    Witness my hand and seal this eighth day of November, 1879.

    "Attest:                    M. B. O'REILLY."
"JAMES P. WILSON, Dep. Recorder."

On September 28, 1882, Hector Neuhoff, as administrator of Margaret Dwyer, demanded the proceeds of the above note from M. B. O'Reilly, and he refused to pay the same.    M. B. O'Reilly was neither a creditor nor distributee of Margaret Dwyer's estate.    The only heirs of Margaret Dwyer, deceased, were Mary Doyle, wife of Patrick Doyle, and Patrick McGuan; the said Margaret Dwyer, at the time of her death, left no debts, nor did any demands of any kind exist against her estate, nor have any claims been allowed against her estate, nor has any order of distribution ever been made in her estate.

On January 10, 1877, Mary and Patrick Doyle and Patrick McGuan, sued Coffey and Laing on the administrator's bond of Dwyer, alleging that they were the only heirs-at-law and distributees of Margaret Dwyer; that Dwyer had committed a breach of said administrator's bond in failing to inventory the aforesaid two thousand-dollar note after being ordered so to do by the probate court of the county, now city of St. Louis; that said Dwyer had failed to obey the said order of said court, and had wrongfully and unlawfully converted and appropriated said note to his own use.

On June 18, 1877, judgment was recovered against Coffey and Laing for $2,580.79 in said suit.    Coffey became insane and insolvent, and never paid any part of said judgment.    Laing died, and on December 9, 1880, the said judgment was classified and allowed against said Laing's estate for $3,161.30, by the heirs of Margaret Dwyer, aforesaid, who assigned the same for the amount called for therein to Alex. Largue.

On December 10, 1881, Margaret Laing, as administratrix of Wm. Laing's estate, paid said judgment. This suit is being conducted at the instance and request of said Margaret Laing, at whose request also plaintiff took out letters.

The trial court, on the agreed statement of facts, held that the plaintiff was not entitled to recover, and after an unsuccessful motion for a new trial, plaintiff appealed to this court. It is shown by the agreed statement, that defendant was a *bona-fide* purchaser of the note in question, having paid a full consideration therefor, and that he had no other knowledge of the note than was imparted to him by the face thereof, and the endorsements thereon; and that, at the time he purchased from John Dwyer, it had upon it the endorsement of Mrs. Dwyer in blank. There is nothing to show that at the time plaintiff bought he either had knowledge of the death of Mrs. Dwyer, or that it came to the hands of John Dwyer after her death, or that he held it as her administrator, or that he did not hold it as his own. On the contrary, John Dwyer was the apparent owner, and clothed with the power of disposition in virtue of Mrs. Dwyer's endorsement; and in such cases it is said in *International Bank v. German Bank*, 71 Mo. 195, that "a *bona-fide* purchaser for value of a non-negotiable chose in action from one upon whom the owner has by assignment conferred the apparent absolute ownership, when the purchase is made upon the faith of such apparent ownership, obtains a valid title against the real owner, who is estopped from claiming title thereto."

The rule thus announced is emphasized in the case of *Lee v. Turner*, 89 Mo. 489, where it is said, "if the true owner of a negotiable note over-due, or a non-negotiable note, clothes another with the usual evidences of ownership, or with full power of disposition, and third persons are led into dealing with such apparent

owner, they will be protected in their dealings.     *     *     *
Their rights, in such cases, do not depend upon the
actual title or authority of the party with whom they
deal directly, but are derived from the act of the real
owner, which precludes him from disputing, as against
them, the existence of the title or power, which, through
negligence or mistaken confidence, he caused or allowed
to be vested in the party making the conveyance."

The principle underlying and giving origin to the
above rule is, that when one of two innocent parties
must suffer for the wrongful act of another, the one who
puts the party in the position to do it must be the
sufferer.

Judgment affirmed, in which all concur.