B. F. YOUNG, Appellant v. WILLIAM J. BREWSTER, *et al.*, Respondents.

Kansas City Court of Appeals, May 20, 1895.

1. **Tax Bills**: NONNEGOTIABLE. Tax bills are not negotiable paper in the sense of the commercial law. They are assignable by indorsement.

2. ———: LARCENY : TITLE OF TRANSFEREE. One who takes from a thief tax bills indorsed in blank gets no better title than the thief possessed.

3. ———: ———: INDICIA OF OWNERSHIP. To clothe a thief with such *indicia* of ownership as will enable him to transmit title to an innocent purchaser, the true owner must have done the act which confers upon him such *indicia*.

4. ———: ———: ———. Plaintiff permitted tax bills indorsed in blank to remain in a safe to which E. had equal access with himself. E. stole the tax bills and sold them for value to defendant, who had no notice of E.'s lack of title. *Held*, plaintiff did not clothe E. with *indicia* of ownership and defendant acquired no title.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED (*with directions*).

*Meservey, Pierce & German* for appellant.

(1) It may be conceded that the best authorities hold that a *bona fide* purchaser of a lost or stolen negotiable instrument before maturity may hold it as against the original owner. *Franklin v. Heinsman*, 1 Mo. App. 336; *Murray v. Lardner*, 2 Wallace, 110;

*Miller v. Race*, 31 Geo. II, B. R. It is also just as well settled that one who takes such an instrument after maturity, or one who purchases a nonnegotiable instrument that has been lost or stolen gets no better title than his vendor, even though he be an innocent purchaser for value. Am. and Eng. Encyclopedia of Law, page 1151; 1 Danl. on Negotiable Instruments, 776; Chitty on Bills, 254; *Garvin v. Wissell*, 83 Ill. 210; Tiedeman on Commercial Paper, 295; *Vermilye v. Express Co.*, 21 Wallace, 138; *Bank v. County Commissioners*, 14 Minn. 77. (2) In all cases where an estoppel *in pais* is relied upon, it is absolutely necessary that the estoppel should be pleaded. *Throckmorton v. Pence*, 121 Mo. 50; *Bank v. Doran*, 109 Mo. 40; *Avery v. Railroad*, 113 Mo. 561; *Bray v. Marshall*, 75 Mo. 327; *Golden v. Hardesty*, 61 N. W. Rep. (Iowa) 913; The rights of the parties in such cases do not depend upon the actual title or authority of the party with whom they deal, but are derived from the act of the real owner, which precludes him from asserting his title, for the reason that he has voluntarily placed some person in a position to injure or defraud another. If the facts constituting the estoppel are not pleaded, advantage can not be taken of them by defendant. (3) The evidence does not show any facts creating an estoppel. All of the cases relied on by respondent, including the Missouri cases, are cases where the property was voluntarily intrusted by the owner to another, who misappropriated it. (4) In cases of this kind two elements must be united to create an estoppel, and the burden of proof is with the defendants, to establish them both. *First.* The change of possession must be voluntary. *Second.* The change of possession must be accompanied by some evidence of title in the bailee, which would lead a purchaser to believe that he has authority to sell or dispose of the property.

*Baker v. Taylor*, 54 Minn. 71; *Greene v. Dockendorf*, 13 Minn. 70; *Warder v. Rublee*, 42 Minn. 23; *Salters v. Everett*, 20 Wend. 267; *Leigh Bros. v. Railroad*, 58 Ala. 165. In the above case, the first element was existing, but the second was wanting. The following cases are cases where the second element was present, but the first was wanting. *Bangor E. L. & P. Co. v. Robinson*, 52 Fed. Rep. 520; *Davies v. Beckstein*, 69 N. Y, 440; *Hinckley v. Bank*, 131 Mass. 147; *Vermilye v. Express Co.*, 21 Wallace, 138; *Morgan v. U. S.*, 113 U. S. 476; *Bank v. Kidder*, 12 N. E. Rep. 577; *Hinckley v. Railroad*, 129 Mass. 52; *New Orleans v. Strauss*, 25 La. 50; *Bank v. County Commissioners, supra*; *Gurney v. Behrend*, 3 Ellis & B. 622; *Ledwich v. McKim*, 53 N. Y. 307; *Wain v. Bailey*, 10 A. & E. 193; *Crouch v. Credit Foncier*, L. R. 8 Q. B. 374; *Baxendale v. Bennett*, 3 Q. B. D. 525.

*Harkless & O' Grady* for defendant.

(1) The defendant, Brewster, was not guilty of laches or negligence in any respect. Hence the tax bills being assignable, *Bambrick v. Campbell*, 37 Mo. App. 460, and indorsed in blank and suffered to come into Emerson's possession as plaintiff's agent, or if not as his agent then by his acts he so left the bills indorsed in blank, as that Emerson, who was in the same office with him with equal access to them, could at any time take and dispose of them, and under such circumstances he permitted Emerson to be clothed with apparent ownership so as to justify the finding for defendant who purchased in good faith. This we claim to be the law as tersely stated by the court, in these words: "Their rights in such cases do not depend upon actual title or authority of the party with whom they deal directly, but are derived from the act

of the real owner, which precludes him from disputing, as against them, the existence of the title or powers which, through negligence or mistaken confidence, he caused or allowed to be vested in the party, etc. *Lee v. Turner*, 89 Mo. 494. Whether these bills were stolen or not, it is unnecessary to determine. It is enough that plaintiff permitted Emerson to take them into his possession, indorsed in blank, or permitted them to remain indorsed in blank, where Emerson could. *Bank v. Bank*, 71 Mo. 183; *Winter v. Belmont*, 53 Cal. 428; *Neuhoff v. O'Reilly*, 93 Mo. 164. (2) Appellant contends that we should have specially pleaded estoppel *in pais*, but even if this were true, plaintiff made no objection below to the introduction of the evidence under the general denial, and he can not raise it now for the first time in this court. This proposition ought to need no citation of authority to sustain it. *Young v. Glascock*, 79 Mo. 579. But estoppel does not have to be pleaded. *Stern v. Mason*, 16 Mo. App. 473; *Northrup v. Co.*, 47 Mo. 435.

ELLISON, J.—This is an action of replevin, brought to recover possession of two tax bills, alleged to be the property of plaintiff. The judgment below was for defendant. It appears that the bills were issued under the charter of Kansas City, for street work in said city, to the "Barber Asphalt Paving Company," as contractor. One of these bills was for $704.69, and the other for $135.46. They were indorsed in blank by the paving company to the plaintiff, who paid value for them. Plaintiff and one Emerson were occupying plaintiff's office room together, and each had free access to a safe therein, in which plaintiff kept these tax bills, with a great many others. When plaintiff first took the bills to his office, he handed them (including the two in controversy) to Emmerson, to list for

him, which Emerson did, as a matter of accommodation, and returned them to plaintiff, who placed them, including the two in suit, in the safe, to which he and Emerson had access, as before stated. Emerson afterward stole the two for which plaintiff has now sued, and sold them to the defendant for value; defendant not having any notice of Emerson's lack of title. Did defendant get title to the property?

I.    The tax bills were not negotiable paper in the sense of the commercial law.   They were assignable by indorsement, but did not otherwise possess the properties of negotiability as a bill of exchange, or promissory note, under our statute.   We shall, therefore, treat them as paper assignable by indorsement; and we shall likewise treat them as having been stolen by Emmerson, since the evidence sufficiently shows that he did not keep them in his possession when they were handed him, temporarily, to list for plaintiff.   The question, then, is this:   Can an innocent purchaser from one who has stolen a nonnegotiable instrument, indorsed in blank, get a title as against the true owner? We think he can not.   The purchaser, in such instance, not being protected by the law merchant, gets no better title than his assignor possessed.   A thief, having no title to the thing stolen, can not, of course, transmit a title to his vendee.

II.    But this case involves an additional question. It is claimed that Emerson was clothed, by plaintiff, with such *indicia* of ownership as would deceive a purchaser into the belief that he was, in fact, the owner. A person, not the owner, may be in possession of property with such *indicia* of ownership as will deceive a purchaser and yet not be able to transmit a title to an innocent purchaser, who believes him to be the true owner.   This will arise from the fact that the true *owner* has not so clothed him with such *indicia*.   It

must have been some act of the owner which has clothed the party assuming to be the owner, with *indicia* of ownership. It must be a voluntary act of the owner. And such are the cases announcing this principle of law. *Dymock v. Railroad*, 54 Mo. App. 409, and cases there cited, including *Bank v. Bank*, 71 Mo. 183; *Neuhoff v. O'Reilly*, 93 Mo. 164; *Cowdrew v. Vendenberg*, 101 U. S. 572; *Davis v. Beckstein*, 69 N. Y. 440; *Erickson v. Roehm*, 33 Minn. 53.

Defendant contends that by permitting the tax bills to remain indorsed in blank and keeping them where they could be gotten at by Emerson, was such voluntary negligent act on plaintiff's part as to now estop him. We think not. The case of *Bangor v. Robinson*, 52 Fed. Rep. 520, was much like this. There the real owner and the wrongdoer had a safety deposit box in common, in which the real owner kept some certificates of bank stock, indorsed in blank, which the wrongdoer abstracted and sold to an innocent purchaser. The court held that the purchaser did not acquire title; and said of this, that: "At first, it occurred to the court that, inasmuch as Robinson had seen fit to leave the certificate in such condition as to indicate that somebody was authorized to acquire it and fill in the indorsement, he was barred; but the court is unable to find any authorities sustaining this suggestion, and is compelled to treat this certificate, indorsed in blank and stolen, as it would any other stolen property, aside from strictly negotiable securities." And so the same was held of railroad bonds, indorsed in blank by the president of the company, which were stolen from the company. *Ledwich v. McKim*, 53 N. Y. 307. So of coupons, payable to bearer, stolen after maturity. *Hinckley v. Bank*, 131 Mass. 147. So, in a case in England, the defendant gave H. his blank acceptance on a stamped paper, and

authorized H. to fill in his name as drawer. H. did not do so, but returned it to the defendant. The defendant put it into an unlocked drawer of his writing table, and it was lost or stolen. C. afterward filled in his own name, without defendant's authority, and sold it to an innocent purchaser. It was held that the purchaser took no title against the defendant. 3 Q. B. D. 525.

And so we conclude that plaintiff did not clothe Emerson with any *indicia* of ownership, and that, in the circumstances stated, he was not guilty of such negligence to which the loss of defendant can be charged as the proximate result. The judgment, then, should have been for plaintiff, and we reverse and remand the cause, with directions to so enter it. All concur.