## THE HIDE AND LEATHER NATIONAL BANK

*v.*

### JOSEPHINE ALEXANDER.

*Opinion filed February 19, 1900—Rehearing denied April 5, 1900.*

1. BILLS AND NOTES—*when bank cannot rely for title on presumption arising from possession.* When a note has been put into circulation fraudulently, the presumption in favor of the holder's title is overcome, and it devolves upon a bank taking the note as collateral security to show that it took it in good faith, for value, before maturity and in the usual course of business. (*Y. M. C. A. Gymnasium Co.* v. *Rockford Nat. Bank,* 179 Ill. 599, distinguished.)

2. SAME—*when an agreement does not operate as an extension of time.* An agreement made before maturity of a note, which purports to extend time of payment, does not operate as an extension where the agreement is signed only by the maker of the note and is for a longer period than one year.

*Hide and Leather Nat. Bank* v. *Alexander,* 82 Ill. App. 484, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

GEORGE N. STONE, for appellant.

LACKNER, BUTZ & MILLER, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Josephine P. Alexander, appellee, brought this suit in trover against the Hide and Leather National Bank, appellant, for damages for the conversion of a promissory note for $10,000. The parties waived a jury and tried the case before the court. At the trial plaintiff proved that she was the owner of the promissory note, which was executed by Godfrey Schmid, dated June 15, 1892, payable five years after date to the order of the

maker, with interest át six per cent until maturity and seven per cent after maturity, and secured by a trust deed on real estate in Chicago. The note was endorsed in blank by the maker and she had it in her possession, and shortly before its maturity, which occurred on June 15, 1897, she took the note and trust deed to Theodore Schintz to have it renewed. She did not want the money but wanted to keep it loaned, and she left the papers with Schintz to have them renewed, expecting that he would get a new note and trust deed in place of them. Schintz did not have a new note and trust deed executed, but obtained an agreement under seal, signed by Godfrey Schmid, the maker of the note, and also by his wife, Bertha J. Schmid, dated June 15, 1897, reciting that the time of payment of the note was thereby extended for three years from the 15th day of June, 1897, subject to payment of interest thereon at the rate of six per cent per annum, payable semi-annually, as evidenced by six interest notes of $300 each. This agreement was not signed by the owner of the note, nor any one but Godfrey Schmid and his wife. The agreement further provided at length for declaring the whole of the note due, at the option of the legal holder, in default of payment of any installment of interest; that the trust deed should remain in full force and effect, except as to the time of payment of the principal sum; that all the provisions, covenants and powers therein contained should be in full force, and that in consideration of the extension the principal note so extended, and the several interest notes and interest thereon, should be payable in gold coin of the United States of America of the then standard weight and fineness. Schintz fastened this paper purporting to extend the note, together with the interest notes, to the original note and delivered them to the defendant, the Hide and Leather National Bank, either on June 15, 1897, or within a few days thereafter. Schintz owed the defendant $25,000, for which it held collaterals, and it took this

paper in substitution for collaterals to the same amount which it surrendered. The plaintiff demanded the principal note from the bank and was met with a refusal, which was followed by this suit. The court found the issues for the plaintiff, and assessed her damages at $10,480. The defendant appealed to the Appellate Court, where the judgment was affirmed, and a further appeal has been prosecuted to this court.

The controverted facts have all been finally determined by the judgment of affirmance in the Appellate Court. No objection was made at the trial to any ruling of the court on the admission or rejection of evidence, and there is no question of law raised by the record except the refusal of the court to hold as the law five propositions submitted by defendant. The argument of counsel is directed mainly to questions of fact, but they will not be considered.

The first proposition of law which the court refused to hold was as follows:

"If the evidence shows that an agreement extending the time of payment of the note in question was made before the original maturity thereof, and upon a sufficient consideration, then the extension agreement became incorporated into the said note and was made a part thereof, and the defendant acquiring the said original note with the said extension agreement attached, became the *bona fide* owner thereof free from equity which would have attached to it if it had been acquired after maturity."

This proposition was bad, as matter of law, in failing to include in the hypothesis of fact such facts as were necessary to constitute the defendant a *bona fide* holder.

The second proposition stated that if an agreement extending the time of payment of the note was made by plaintiff's agent at her request, it was immaterial whether the consideration therefor passed to her or to her agent. No argument is made concerning this proposition, and we cannot see that it had anything to do with the case.

There was no question to which it could be applied, and it was not error to refuse to hold it as the law.

The third proposition assumed as a fact that the defendant was an innocent purchaser of the note, and was bad for that reason. The note was transferred by Schintz fraudulently, and the rule is, that when a note has been put into circulation fraudulently, the presumption in favor of the holder's title is overcome. Schintz committed a fraud by disposing of the note to which he had no title, and it rested upon the bank to show that it took it in good faith for value before maturity and in the usual course of business. (*Wright* v. *Brosseau,* 73 Ill. 381; *Charles* v. *Remick,* 156 id. 327; *Hodson* v. *Eugene Glass Co.* 156 id. 397; 4 Am. & Eng. Ency. of Law,—2d ed.—321.) Whether the defendant succeeded in making such proof was to be determined as a question of fact, and should have been embraced within the hypothesis.

The fourth proposition merely requires that Schintz should transfer and deliver the note to the defendant, either on the day of its maturity or within a day or two after, with the extension agreement, and says that the plaintiff must bear the loss in such a case and cannot recover against the defendant. It omits entirely any qualification that the defendant is an innocent holder or purchaser for value, and concludes that there must be a judgment for the defendant regardless of that question.

The fifth proposition is as follows:

"If the evidence shows that an agreement extending the day of payment of the note in question was made before its original maturity, the said extension agreement must be considered as incorporated into the said note and made a part thereof, so as to make the note payable at the date fixed by the extension agreement, as though the date mentioned in the said extension agreement had been originally written in the said original note."

The extension agreement offered in evidence and referred to in this proposition, when taken by itself, was

invalid. It was signed only by Schmid, the maker of the note. He was not authorized to postpone the day of payment of his note, but an agreement for such extension could only be made by both parties. In consideration of the extension Schmid agreed to pay the note in gold coin, but there was no agreement of the owner of the note to extend the time of payment. Aside from the fact that the agreement could not rest partly in writing and be in part verbal, it was not to be fully performed within one year, and it could not be verbal on the part of the owner of the note. If Schintz had secured a new note and trust deed, as plaintiff understood he would do, the surrender of the old note and the release of the trust deed would have been sufficient assent by the owner through her agent. But here was an attempt to extend an existing contract, and the agreement was signed by only one of the contracting parties. It is true, there were notes given for the interest during the time of extension, but they are not involved, as they were not due when taken by defendant, and it is not claimed that defendant failed to acquire title to them. The name of Schintz did not appear upon the extension agreement or upon the note, and the bank did not require his signature to the extension agreement to furnish legal evidence of his consent. The proposition was faulty in stating, as a rule of law, that an agreement signed only by a party who could not extend the time of payment would operate as an extension.

Counsel relies upon the decision in *Y. M. C. A. Gymnasium Co.* v. *Rockford Nat. Bank*, 179 Ill. 599, as sustaining his theories of the law in this case. In that case, Parmele was purposely clothed by the gymnasium company with the possession and legal title of the notes transferred to the bank. The bank had no notice that Parmele held the notes, of which he had the legal title, merely as collateral. It was there decided that where such a holder of notes having the legal title thereto transfers them after due, the purchaser is not charged with the latent equities

of third parties.   It was said that cases where the assignor of the note had no legal title were not in point, and the decision in that case is not upon any question involved in this case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*