Hass v. Lobstein.

---

## Charles Hass et al. v. Adelina Lobstein, Executrix.

1. PROMISSORY NOTES—*Where a Subsequent Note is Given for the Same Consideration as a Former One.*—Where a subsequent promissory note is given for the same consideration as a former one it is a question of fact for the determination of the jury, whether the former note is thereby satisfied.

2. SAME—*Agreement for Extension Must Be Signed by Both Parties.*—An agreement for the extending the time of payment of a note made before maturity and signed only by the maker, is of no effect.

3. SAME—*Mortgagor to Release Himself from Liability on His Note Must See that He Pays the Money to the Holder of the Note.*—A mortgagor, to release himself from liability on his note, must see that he pays the money to the holder of the note, who has received it by assignment before maturity.

4. MORTGAGES—*Rights of Mortgagor Without Notice of Assignment upon Foreclosure.*—It is the rule in this state that the maker of a trust deed of mortgage in the absence of any notice of an assignment, may interpose to a foreclosure proceeding brought by the assignee, any defense arising out of the transaction with the mortgagee, which could be set up in case the bill were filed by the latter.

5. SAME—*Not Assignable at Law.*—A mortgage or trust deed is not assignable so as to vest the legal interest, and it is the duty of the purchaser of a mortgage to inquire of the mortgagor if there is any reason why it should not be paid. Failing to do this the purchaser takes it subject to all the infirmities to which it would have been liable in the hands of the assignor.

6. SAME—*Equity Will Not Enforce an Assignment When the Mortgage Ought Not to Be Enforced in Hands of the Assignor.*—A court of equity will not enforce an assignment of a mortgage in the assignee's favor if it ought not to be enforced in the hands of the assignor.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Mr. Presiding Justice WATERMAN dissenting. Opinion filed June 5, 1903.

Appellee filed a bill to foreclose a trust deed executed by appellant Hass and wife to secure a note originally for $1,000. This note and the trust deed securing the same were dated February 3, 1890. The note was made payable five years after date to the order of the makers and was by them indorsed. The loan was obtained from Theodore H. Schintz, and the trust deed conveyed the premises therein described to him as trustee. The interest notes were paid to Schintz as they matured. On or before February 3, 1895, when the principal note became due, the appellants Hass paid to Schintz $400 on account of the debt, and they also signed an agreement extending the payment of the balance three years. This extension agreement was not signed by the holder of the note or any one else. At the same time, appellants executed and delivered six interest notes, each for the sum of $21, evidencing the interest upon the unpaid balance of $600 for the three years covered by the extension agreement.

About February 25th, which was after the maturity of the note according to its original terms, Schintz transferred it, together with the trust deed, to appellee's testatrix, Charlotte Louis. No notice of the transfer was given to the makers. They supposed the note was still held by Schintz and continued to pay to him the interest evidenced by the extension coupons. June 24, 1897, the appellants Hass applied to Schintz for an additional loan of $300, and it was agreed that the amount due upon the old and overdue note—upon which said appellants had been paying interest as stated to Schintz, in ignorance of the fact that the note had become the property of Charlotte Louis—together with the additional loan of $300, should be embodied in a new note to include both the old and the new debt. Accordingly, a new note for $900, payable in five years, with interest coupons and trust deed, to Theodore Schintz as trustee, securing the same upon the property in controversy, were prepared, executed and delivered to Schintz by appellants. Schintz agreed to carry the new loan himself, to take up the old note and to execute and

Hass v. Lobstein.

record a release of the trust deed securing the same. Appellants Hass paid him for the release deed. Schintz rendered them a statement in which he charged said appellants " to old loan and int.," $642. Charlotte Louis had no knowledge of this new transaction. Schintz did not take up the old loan as promised, but sold and transferred the new $900 note, together with the trust deed securing the same, to Annie S. Johnson, one of the appellants herein.

Appellant Johnson filed a cross-bill to foreclose her trust deed. The cause was referred to a master. The latter reported that the note held by appellee, as executrix of Charlotte Louis, deceased, was acquired by the said Louis after its maturity; that the extension agreement not having been signed by the owner and holder of the note was invalid; that no notice was given to or received by appellants Hass, of the fact that Charlotte Louis had acquired said note and trust deed by assignment from Schintz; that appellee is not entitled to a lien upon the premises, and recommends that the original bill be dismissed for want of equity. The master further finds that the material allegations of the cross-bill are true, and recommends that the prayer of said cross-bill for a foreclosure of the trust deed securing the $900 note be granted.

The Circuit Court sustained exceptions to the master's report, and entered a decree finding appellants Haas indebted for the amount of the balance due upon the original note held by Charlotte Louis, with interest and solicitor's fees, and that the same is a prior lien upon the premises in controversy. The decree also finds the cross-complainant, Johnson, entitled to the $300 claimed to have been paid to Hass by Schintz on the new $900 note, together with interest thereon, and awards said cross-complainant a lien therefor on the premises in controversy, subsidiary, however, to that of appellee, and directs a sale. From this decree appellants prosecute an appeal.

AARON HEIMS and HEFFRON & CADDICK, attorneys for appellants.

ADELOR J. PETIT, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of appellants that the debt secured by the original trust deed transferred by Schintz to Charlotte Louis, was paid when the new note for $900 and new trust deed securing the same, were executed and delivered to Schintz. The evidence tending to show that the new note was taken by Schintz with an agreement that it should constitute full payment and satisfaction of the former note, supposed by the makers to be still in his hands, is not disputed. "Where a subsequent promissory note is given for the same consideration as a former one, it is a question of fact for the determination of the jury, whether the former note is thereby satisfied. If the subsequent note was executed and accepted by the respective parties for that purpose, the satisfaction is complete." Yates v. Valentine, 71 Ill. 644; Belleville Savings Bank v. Bornman, 124 Ill. 200, 206–8. It is not denied that the note for $900 was executed and delivered by the makers and accepted in payment of the former note by Schintz as the supposed holder of the latter note. The satisfaction of the old note was therefore complete as between Schintz and the makers, without reference, however, to the rights of its assignee and holder. "The mortgagor, to release himself from liability on his note, must see that he pays the money to the holder of the note, who has received it by assignment before maturity, but not so to discharge the mortgage, because it is not assignable at law." Towner v. McClelland, 110 Ill. 542–551; Schultz v. Sroelowitz, 191 Ill. 249–254. The delivery of the new note was in effect a payment to Schintz of the old note.

It is conceded that Schintz deceived all the parties; that appellants Hass, finding the coupon interest notes in Schintz' hands as they became due, with nothing in the way of indorsement to indicate any other ownership than his, were led to believe him to be the owner of the first note and paid it to him by delivery of the new $900 note in that

belief. On the other hand Charlotte Louis, who was the real owner of the old note at the time of its payment in this way to Schintz, knew nothing of such payment. She had, however, by failure to give notice to the debtors of the assignment to her of the first note and trust deed, and by placing the coupons in Schintz' hands for collection, put it in his power to deceive the debtors as he did.

At the time of its transfer to Charlotte Louis, February 25, 1895, the first note was by its terms matured and overdue. An agreement for its extension three years · from February 3, 1895, when it matured, had been signed by the makers of the note, but not by Schintz, its then holder, or by the subsequent holder, Charlotte Louis. The extension agreement was therefore not completed, and being invalid did not have any effect. The note therefore came into the hands of Charlotte Louis after its maturity. Hide & Leather Bank v. Alexander, 184 Ill. 416–420. The makers of the note, however, at the time they signed the extension agreement and delivered it to Schintz, had also executed and delivered to him six interest notes or coupons, for.$21 each, covering interest upon the first note for the period of three years after its maturity, being the time covered by the incomplete extension agreement. They paid these interest coupons to Schintz as they became due, for two years in regular sequence. In June, 1897, when the new note for $900 was made and delivered, only two of the three years had elapsed for which the debtors had signed the extension agreement, and two of the interest coupons covering the interest which would become due during the remaining year were unpaid. While it appears that Charlotte Louis received the old note after its maturity as a matter of law, yet she apparently consented to the extension afterward in writing on the back of the note, and there were, in fact, no defenses to the debt in her hands up to that time—two years after its maturity—when the new $900 note was delivered by the debtors to Schintz.

The only question we deem it necessary to consider, is the effect upon appellee's right to foreclose the first ·trust

deed, of the failure of Charlotte Louis as assignee to give notice to the makers of that trust deed of its equitable assignment to her with the first note of which she was the holder. It is urged that in view of her failure to give such notice, the delivery of the new $900 note to Schintz, her agent, was a satisfaction of the first trust deed, and constitutes a defense to the action brought in her behalf to foreclose it.

It is the rule in this state that the maker of a trust deed or mortgage, in the absence of any notice of an assignment, may interpose to a foreclosure proceeding brought by the assignee, any defense arising out of the transaction with the mortgagee, which could be set up in case the bill was filed by the latter. McAuliffe v. Reuter, 166 Ill. 491–496. Under that rule, appellants Hass may interpose against the foreclosure by appellee any defense which they could set up against Schintz, the trustee and assignor, had this bill been filed by him. ' Schintz could not maintain such a bill, because as to him the debt has been paid and the trust deed satisfied. The assignee not only failed to notify the debtors of the assignment to her, but she put it in the power of Schintz to deceive, by placing the coupon interest notes in his hands for collection, which the debtors paid to him regularly as they became due. There was, so far as appears, nothing to indicate to them that Schintz was not the actual owner, as he appeared to be, of the note, the interest coupons of which were found regularly in his hands as they matured. What is said in the case last cited is applicable to the parties in this case with a mere change of names. (P. 500.) "So far from having any information to put them upon inquiry, by finding in the hands of Schintz their coupon notes, which they paid as they matured, appellants Hass were justified in the conclusion that the notes and trust deed were there also."

A mortgage or trust deed is not assignable so as to vest the legal interest, and it is the duty of the purchaser of a mortgage to inquire of the mortgagor if there be any reason why it should not be paid. Failing to do this, the

purchaser takes it subject to all the infirmities to which it would have been liable in the hands of the assignor. Olds v. Cummings, 31 Ill. 188; Humble v. Curtis, 160 Ill. 193; Towner v. McClelland, 110 Ill. 542; Shippen v. Whittier, 117 Ill. 282. The trust deed not being assignable at law, and the assignee having to rely on a court of chancery to enforce his rights, the court of equity will not enforce it in his favor if it ought not to be enforced in the hands of the assignor by reason of payment made to the latter in good faith, when the assignee has given and the mortgagor has received no notice of the assignment. It is said in McAuliffe v. Reuter, *supra* (p. 499) : "Besides, upon principle, an assignment of a chose in action other than a negotiable instrument is not perfect so as to protect the assignee as against equities between the original parties, without notice of the assignment to the debtor. This is the general rule, and, unless mortgages and deeds of trust are to be treated as exceptions, the rule must be applied to them." In order to protect herself, the assignee should have given notice, actual or constructive, of the assignment to the debtors. Schultz v. Sroelowitz, *supra* (p. 252). The payment to Schintz of the note held by Louis can be set up in bar of a decree of foreclosure, without reference to the effect of such payment upon the note itself in an action at saw. To relieve from liability on a negotiable note, it should be paid to the actual holder, but this is not necessary to discharge a mortgage, which is not assignable at law.

By the decree, the cross-complainant, Johnson, holder of the $900 note and trust deed, is allowed to foreclose only for the $300 supposed to have been paid by Schintz to appellants Hass, when the last mentioned note was executed. The amount of such payment appears to have been, in fact, only $258. We are compelled to regard the cross-complainant entitled to foreclosure for the full amount of her note. The note and trust deed were in her hands as an innocent purchaser before maturity for full value, and as has been said by our Supreme Court, " without any written assignment, the mortgage as an incident to the note, passed

to him (her) as assignee, and was enforceable in equity as an equitable assignment." Schultz v. Sroelowitz, *supra* (p. 253). The question is not free from difficulty, in view of the rule above referred to, that a mortgage or trust deed not being assignable at law, will not be enforced in equity in favor of an assignee, if it ought not to be enforced in the hands of the assignor. If, however, the trust deed passes as an incident to the note, it would seem that logically it should be good as against the maker, for the full amount of such note, as security in the hands of an innocent assignee before maturity for full value, if it is enforceable as to a part. Inquiry by the cross-complainant of the mortgagors Hass, would have disclosed no defense to the trust deed at the time the former acquired it. Examination of the record would only show that it appeared to be a second mortgage, which, for aught that appears, the cross-complainant may have known and been willing to accept. As against the maker the equities are certainly with the cross-complainant for the full sum.

The decree of the Circuit Court must be reversed and the cause remanded for further proceedings not inconsistent with the views above expressed.

MR. PRESIDING JUSTICE WATERMAN dissenting.

Whether Charlotte Louis purchased the first mortgage and note before or after it became due is immaterial. There is no claim that more than $400 had been paid thereon before the assignment to her. Such payment she admits and sets up in her bill to foreclose. A payment in full of this note is claimed by appellants to have been made two years after her purchase and taking actual possession of this note and the mortgage securing the same. The final full payment claimed to have been made by Mr. and Mrs. Hass was not by money paid to Schintz, but by a note and mortgage for $900 to him made by them, which it was agreed by him should be in satisfaction of the $600 and interest unpaid upon the first note and mortgage, they receiving from him in cash the difference between such amount and $900.

Payment made by a mortgagor to a mortgagee without notice of an assignment of the mortgage is in this state, as to the mortgage, binding upon the assignee thereof.

Schintz had, after receiving the new note and mortgage, no claim under either, save for the money and services he advanced and rendered to Mr. and Mrs. Hass; these items amounted to $258.   When he sold this second mortgage to Annie Johnson, while she took the negotiable note free from any defense thereto, the mortgage was good in her hands as against the makers, only to the extent and for the sum it was good when held by Schintz.   Schintz then knew that there was of the first mortgage $600 and interest thereon unpaid.   Annie Johnson and Schintz had record notice of the first mortgage then owned by and in the custody of Charlotte Louis.   Annie Johnson thus took the second mortgage subject to the equitable rights of Charlotte Louis under the first.

If the second mortgage were now owned by Schintz, it is clear that appellee would be entitled to foreclose her first mortgage, and that neither Schintz nor Mr. nor Mrs. Hass would have any defense thereto; while the latter could compel Schintz to credit $642 on the second mortgage and note. The consideration for the second mortgage was $258 given by Schintz, and the agreement by him to satisfy the first mortgage and note, upon which there was then outstanding $642.   This agreement was not performed; consequently, as between him and Mr. and Mrs. Hass, the consideration for the second note and mortgage failed to that extent.   Annie Johnson did not acquire as to the second mortgage, any greater equity than Schintz had therein, it not being a negotiable instrument.   The defense thereto which the makers had when it was owned by Schintz was not lost by its transfer to another party.   Olds v. Cummings, 31 Ill. 188; Towner v. McClelland, 110 Id. 550; Shippen v. Whittier, 117 Id. 282; McAuliffe v. Reuter, 166 Id. 496; Buehler v. McCormick, 169 Id. 269; Schultz v. Sroelowitz, 191 Id. 249; Carey v. Kutten, 98 Ill. App. 197.

Nor did the transfer of the second mortgage to Annie

Johnson give to her, as against Charlotte Louis, any greater equity than Schintz had before had.  Annie Johnson had, when she took the second mortgage, notice by the record that the first mortgage was on record and unreleased.

The question before us is not what are the obligations of Mr. and Mrs. Hass upon their note for $900, held by Annie Johnson, nor what is their obligation to appellee upon the note held by Charlotte Louis; but in these proceedings to foreclose, what liens exist upon the mortgaged property under the respective mortgages in favor of appellee and Annie Johnson, and to what extent, if any, has one priority over the other.  The situation is 'not what it would be, had Mr. and Mrs. Hass paid Schintz $642 in money, in satisfaction of the first mortgage.  The giving to Schintz of a note in which was included that sum was neither a discharge of the mortgage then held by Charlotte Louis, nor was it a payment of the note then held by her.

A party paying a note should insist on the presentation of the paper by the party demanding payment, in order to make sure that it is at the time in his possession and not outstanding in another.  And, if at the time he makes payment it is outstanding, and held by another, he may be compelled to pay it again.  Towner v. McClelland, 110 Ill. 542; Daniel on Negotiable Instruments, Sec. 1227, 1230–1233; Wheeler v. Guild, 20 Pickering, 545; Davis v. Miller, 14 Gratt. 1; Baxter v. Little, 6 Metcalf, 7.

If whether the first mortgage was assigned to Charlotte Louis before it became due is in any way material, it may be observed that however invalid the agreement for an extension of the first mortgage may have been because not signed by Theodore Schintz, it was not only signed by Charles and Magdalena Hass, but delivered to and acted upon by Schintz, he receiving interest notes from Mr. and Mrs. Hass for the extension, and also receiving from them, from time to time, payment upon four of such interest notes for $21 each.  Such extension is set up in the bill filed by Charlotte Louis as a valid and binding agreement. The answer of Charles and Magdalena Hass also sets up such extension as a valid agreement.

The payment made by Charles and Magdalena Hass to Theodore Schintz of the balance unpaid upon the mortgage then held by Charlotte Louis was made, as they understood, upon notes and mortgage not due; such mortgage and notes having been, as they understood, extended for the term of three years.