THE MERCHANTS' LOAN AND TRUST COMPANY

*v.*

NICHOLAS K. WELTER.

205   647
113a  1345

*Opinion filed December 16, 1903.*

1. BILLS AND NOTES—*what pledgee must prove where note is fraudulently put in circulation.* The pledgee of a note fraudulently put in circulation has the burden of proving that he took the paper in good faith, for value, before maturity and in the usual course of business. (*Hide and Leather Bank* v. *Alexander*, 184 Ill. 416, followed.)

2. SAME—*when agreement does not extend payment of note.* An extension agreement signed only by the maker of a note secured by trust deed does not extend time of payment so as to protect the pledgee who took the note and trust deed after maturity, as collateral security for the trustee's debt, where there is nothing in the papers to show who was the owner of the note, the legal title not appearing to be in the trustee.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

. GEORGE N. STOWE, for appellant.

JAMES HIBBEN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The appellee brought trover in the Cook county circuit court against the appellant to recover damages for the conversion of a certain promissory note for $2000 with a credit thereon of $800, and a deed of trust securing the same, and certain interest notes, abstract of title, an insurance policy, and papers relating to the principal note and deed of trust. The trial was before the court without a jury, and judgment was given for the plaintiff for $1469.50. On appeal the Appellate Court affirmed the judgment, and the defendant below then took this its further appeal to this court.

The note bore date March 7, 1892, and was made by Gottlieb Bender, payable to his own order five years after date, and by him endorsed. It was secured by deed of trust on real estate executed by said Bender and his wife to Theodore H. Schintz, trustee. Schintz was the attorney for Mary Ann Welter, who was the owner of the notes, and for whom he held the note and deed of trust and the other papers accompanying the same, and collected the interest. After the death of Mary Ann Welter, appellee, her son, became the owner of the note, and shortly before it became due agreed with Bender that the $800 should be paid on the note and the time of payment of the balance extended three years, but that new papers should be drawn. Welter and Bender went to Schintz's office on March 6, 1897, where the transaction was to be completed by preparing and delivering the necessary papers, but Bender's wife was not present to execute the new deed of trust and it was put off until the next day. On March 7 Bender and his wife went to Schintz's office to execute the necessary papers, but Emil Schintz, a clerk in the office of Theodore H. Schintz, and to whom the latter had directed the parties, drew up an agreement extending the old note and deed of trust for three years, and Bender and his wife signed it, but appellee having gone to Indiana was not present and did not sign the agreement. At the same time Emil Schintz endorsed a payment of $800 on the note, with the statement, "The balance, $1200, extended for three years, as per agreement attached hereto," which statement was left unsigned.

There is a conflict in the evidence as to what was said by appellee and Emil Schintz on March 6,—the day before the papers were signed; but in so far as it is important to the decision of the case in this court, it must be assumed that appellee did not consent to the extension of the old note and deed of trust, but that his understanding and instructions were that new papers were to be

drawn for the $1200, to be paid after three years, secured by a deed of trust on real estate, as before. On or before March 10 appellee applied to Schintz for the new papers which he supposed had been executed, but was informed by Emil Schintz that the papers were in the vault and that he did not have time to get them. Appellee then stated that he ought to have something to show for them, and Emil Schintz gave appellee this receipt:

"Received of Nicholas K. Welter note of Gottlieb Bender for balance of twelve hundred dollars ($1200).

THEODORE H. SCHINTZ,
By E. H. S.'

Appellee never succeeded in getting his papers from Schintz although he asked for them several times; but was put off with excuses. Theodore H. Schintz was indebted to the appellant company upwards of $25,000, and in June, 1897, pledged appellee's paper, together with other collaterals, to the company in lieu of other notes which he withdrew, to secure his debt to the company. The company's cashier testified that he received with the note the extension agreement and deed of trust and accompanying papers, without any knowledge that appellee had any interest in them or that Schintz was not the owner of them. The papers themselves contained nothing showing who owned them, the deed of trust showing only that Theodore H. Schintz was the trustee, but without any extension of them they were overdue when Schintz pledged them to appellee. The legal title was not, and did not appear to be, in Schintz, hence the case of *Y. M. C. A. Gymnasium Co.* v. *Rockford Nat. Bank*, 179 Ill. 599, is not an authority favoring appellant, but the case of *Hide and Leather Bank* v. *Alexander*, 184 Ill. 416, is practically on all fours with this case and is decisive of it. There, as here, the note was fraudulently put in circulation, and we held it devolved on the pledgee or holder to show that it took the paper in good faith, for value, before maturity, in the usual course of business. The

extension agreement not having been signed by appellee, but having been made only by the Benders, and without his consent, the time of payment of the note was not extended, but, as before said, it was past due when appellant took it.

Counsel for appellant has argued the case upon the facts as well as the law, but as all controverted questions of fact have been decided in favor of appellee by the Appellate Court, we need not follow him in his discussion any farther than is deemed necessary to a clear presentation of the case. Indeed, we might well have refused to consider the questions of law discussed, because no ruling of the court in refusing to hold appellant's propositions as law in the decision of the case is pointed out in appellant's brief and argument. Appellee submitted no propositions, and appellant should have pointed out some one or more submitted by it which the court erroneously refused to hold. We have, however, considered the case upon its merits, and reached the conclusion that no error of law was committed.

The judgment will therefore be affirmed.

*Judgment affirmed.*