## John Lutz, Appellee, v. P. T. B. Matheny, Appellant.

1. APPEAL AND ERROR, § 1682*—*when error in overruling demurrer to declaration is waived.* Pleading over waives error, if any, in overruling demurrer to a declaration.

2. BILLS AND NOTES, § 479*—*what defense may not be first raised on appeal.* A defense that a renewal note was a release of an indorser upon the original note not raised by plea cannot be raised for the first time on appeal.

3. BILLS AND NOTES, § 360*—*what defense must be pleaded specially.* A defense that an indorser was discharged by an extension of time to the principal debtor must be pleaded specially.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. BILLS AND NOTES, § 360*—*what are necessary averments in plea of discharge of indorser by extension of time.* A plea of a discharge of an indorser by extension of time to the principal debtor must aver not only that the plaintiff promised to extend the time for a valuable consideration but also that the agreement was for a definite period without the consent of the defendant.

5. BILLS AND NOTES, § 412*—*when purchaser of note has burden of proof to show taking in good faith without notice.* In an action by the purchaser of a note given for a gambling consideration against the payee, who indorsed same without recourse, where the declaration alleged and the proof showed these facts, *held* that the burden of proof was upon plaintiff, under sections 59 and 52 of the Negotiable Instruments Act (J. & A. ¶¶ 7698, 7691), to show that he took the note in good faith and without notice of its infirmity.

6. BILLS AND NOTES, § 207*—*what is effect of indorsement of note without recourse.* An indorsement without recourse does not release the indorser from the warranty that the note is valid and legal.

7. BILLS AND NOTES, § 215*—*when payee indorsing note without recourse not released from warranty as indorser.* A contemporaneous contract made at the time of the indorsement without recourse of a note by the payee thereof and delivery of same to a purchaser who had no knowledge of the illegality of the note that the purchaser, if the note was not paid, would make no effort to recover the consideration paid by him for said note from the payee, and would save and keep him harmless from any attempt by the maker to recover the value of the note or by any one else to obtain recourse of any kind from the payee, *held* not to have the effect of releasing the payee from his warranty as an indorser.

Appeal from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 11, 1917. Rehearing denied December 1, 1917.

H. LEONARD JONES and FRANCIS T. CARSON, for appellants.

FRED B. HAMILL, WALTER B. RILEY and ACTON & ACTON, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appellee recovered a judgment against appellant for the sum of $2,432 in an action of assumpsit in the Circuit Court of Champaign county. The action is based upon the liability of appellant as an indorser upon a promissory note for the principal sum of $2,400, executed by one W. A. Lachenmyer, March 19, 1912, payable to the order of appellee one year after date, with interest at 7 per cent. per annum.

The declaration consists of a single special count and the allegations thereof are, in substance, that said Lachenmyer, on said date, executed said promissory note and delivered the same to appellant; that the consideration of said note was money won by appellant from Lachenmyer by gambling and was void under the laws of the State of Illinois; that on June 28, 1912, appellant, well knowing that the note was void for the reason aforesaid, and for and in consideration of 1 Regal automobile, 1 automobile top, 1 wind shield and 1 speedometer of the value of $1,200, delivered by appellee to appellant, and in further consideration of the sum of $1,000 paid by appellee to appellant, appellant indorsed without recourse and delivered to appellee said note; that after said note became due and after the maturity thereof, said Lachenmyer renewed the same with appellee by executing and delivering to him a renewal note dated April 2, 1913, wherein said Lachenmyer, one year after date, promised to pay to the order of himself $2,400 value received, with 7 per cent. interest per annum from the date until paid, and which said note was indorsed on the back thereof by said Lachenmyer, and thereupon appellee canceled and returned to said Lachenmyer the original note first mentioned; that after the execution and delivery of said renewal note, appellee transferred and delivered the same to one Sherfy for the sole purpose of bringing suit thereon, but the full beneficial interest of said note at all times remained in appellee; that in the suit brought on said renewal note in the Circuit Court of

Champaign county, the plaintiff failed to recover, because the consideration of the note was for money won at gambling, and that the judgment in the Circuit Court was affirmed by the Appellate Court [190 Ill. App. 443]; that by reason of section 65 of the Negotiaable Instruments Act (J. & A. ¶ 7704), appellant became liable to pay to appellee the amount of the original note with interest thereon.

Appellant filed a general and special demurrer to the declaration on the ground that it failed to allege that at the time of the indorsement and delivery to appellee by the defendant of the original note, he, appellee, was then and there without knowledge or notice that the said note was made for the consideration of money won by gambling, and that the declaration failed to aver, in substance or in fact, that the plaintiff was an innocent purchaser in good faith, without notice and for value of the original note. The demurrer was overruled and thereupon appellant filed five pleas, the first of which was a plea of the general issue and the other four special pleas. The second plea avers that the note sued on was executed by Lachenmyer and delivered to appellant for the sum of money therein mentioned, upon the consideration of money won by appellant from Lachenmyer by gambling with cards, and that the same was indorsed by appellant without recourse and that appellee then and at all times since had full knowledge and notice as to the consideration for which said note was given by Lachenmyer to appellant, wherefore by force of the statute, etc., the said supposed promise of appellant to appellee and the said supposed indorsement were and are wholly void. A demurrer to this plea was sustained.

The third plea avers that appellee, at the time of the indorsement and delivery of the note to him by appellant, had full knowledge that the consideration of the same was for money won by defendant Lachenmyer by gambling; that the consideration for the in-

dorsement and delivery of said note by appellant to appellee was the payment of $1,000, and the delivery of said articles of personal property mentioned at the agreed valuation of $900; that there was a contemporaneous agreement between appellant and appellee as follows:

"Articles of Agreement.

"Made and entered into this 29th day of June A. D. 1912, by and between P. T. B. Matheny of Champaign, Illinois, party of the first part, and John Lutz of Champaign, Illinois, party of the second part.

"Whereas, the party of the first part has this day sold to the party of the second part a certain promissory note dated March 19, A. D. 1912, said promissory note being for Twenty-four Hundred ($2400.00) Dollars, payable to the order of P. T. B. Matheny one year after date of making for value received with seven per cent. interest per annum from date until paid, signed by W. A. Lachenmyer for and in consideration of One Thousand ($1000.00) Dollars in cash and one automobile, Regal make, taken by the party of the first part at a consideration of Nine Hundred ($900.00) Dollars.

"Now in consideration of the said party of the first part accepting said automobile and Hundred Seventy-five ($1000.00) in cash in full consideration for the above described note, the party of the second part does hereby agree to take said note without any recourse whatsoever on the party of the first part, P. T. B. Matheny, and if said note is not paid by W. A. Lachenmyer the party of the second part agrees that he will make no effort of any kind to recover the consideration paid by him for said note from the party of the first part and that he will save and keep harmless the said party of the first part from any attempt of W. A. Lachenmyer to recover from said party of the first part the value of said note and that he will save and keep him harmless from the attempts of any party whatsoever to obtain recourse of any kind from said party of the first part.

"Witness our hands and seals this....day of......
A. D. 1912.

JOHN LUTZ, JR., (Seal)
Party of the second part.
P. T. B. MATHENY, (Seal)
Party of the first part."

The plea further avers that by the terms of said contract appellee released appellant from all liability whatever by reason of the indorsement and delivery of said note.

The fourth plea, after setting out that appellee had full knowledge of the consideration for which said note was given and the contract mentioned in the third plea, avers that by reason of the indorsement and delivery of said note, the payment of said money and delivery of said property and the making of said contract, appellant and appellee, as to the entire transaction between them, were *in pari delicto* and the said sale of said option, privilege or chance of recovering or attempting to recover upon said note by suit or otherwise by appellee against said Lachenmyer was and is void.

The fifth plea is similar to the third plea with the exception that it does not set out the contract *in hæc verba*.

It is first urged that the court erred in overruling the demurrer to the declaration. This error, if any, was waived by appellant pleading over thereto.

It is also contended that appellant was released from his liability as indorsor on the note sued on, for the reason that appellee took from the maker a new note extending the time of payment for the definite period of one year and canceled and surrendered the note sued on to Lachenmyer without appellant's consent. The rule undoubtedly is that if the holder of a note takes from the maker a new note payable at a future time in the place of it, and surrenders the old note to the maker, there is an extension of the time of payment which will release an indorser on the old note, who does

not consent. 8 C. J. sec. 636, p. 431, and cases cited. A note given in renewal is supported by the consideration of the original note and is a sufficient consideration for an extension of time. *Joseph Wolf Co. v. Bank of Commerce*, 107 Ill. App. 58; 8 C. J. sec. 352, p. 217. Appellant, however, filed no plea in the court below raising this defense, and we cannot consider it here for the first time. If an indorser is defending on the ground of an extension of time to the principal debtor as a discharge, such defense must be pleaded specially, and the plea must aver not only that the plaintiff promised to extend the time for a valuable consideration, but also that the agreement was for a definite period without the consent of the defendant. *Commercial Loan & Trust Co. v. Mallers*, 237 Ill. 119; 8 C. J. sec. 1215, p. 930.

The sixth and seventh instructions given on behalf of appellee were as follows:

"6. The court instructs the jury that the fact that the defendant Matheny sold the note in question to the plaintiff and indorsed said note without recourse does not relieve the defendant from liability on said note under said indorsement unless the jury believes from the evidence in this case that the plaintiff did in fact know that the said note was given for gambling, at the time said note was purchased by the plaintiff.

"7. The court instructs the jury that the burden of proving by the evidence that the plaintiff in this case, John Lutz, had notice, at the time the defendant Matheny sold him the note in question, was given for a gambling consideration, rests upon the defendant."

Section 59 of the Negotiable Instruments Act (J. & A. ¶ 7698) provides that every holder is deemed prima facie to be a holder in due course, but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he, or some person under whom he claims, acquired the title as a holder in due course. Section 52 of said Act (J. & A. ¶ 7691) defines a holder in due

course and provides that he is such a holder, as has taken the instrument under four conditions. The fourth condition is as follows: "(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

There is no controversy but that the consideration for the note was illegal and the note void. The declaration filed by appellee avers these facts to be true and bases the liability of appellant as indorser upon them, and the proof also establishes them. Under these circumstances the burden of proof was upon appellee to show that he took the note in good faith and without notice of its infirmity. *Hide & Leather Nat. Bank v. Alexander*, 184 Ill. 416; *Merchants' Loan & Trust Co. v. Welter*, 205 Ill. 647; *Justice v. Stonecipher*, 267 Ill. 448. In the case of *Justice v. Stonecipher, supra,* in construing sections 59 and 52 of said Act, the court said: "It is apparent when the section is read in connection with all the other sections in that article, that it means to place the burden upon the holder to prove that he, or some person under whom he claims, comes within the provision of the fourth clause of the statutory definition of a holder in due course, that is, that the burden is then upon him to show that at the time the instrument was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." Under the circumstances in this case the burden of proof was upon appellee to show that he had no notice of the infirmity of the note.

Upon this theory the court also erred in sustaining the demurrer to the second plea which averred, in substance, that the note was void for the reason that the consideration thereof was for money won at gambling, and that at the time it was indorsed by appellant and delivered to appellee the latter had full knowledge of these facts.

The fourth instruction given for appellee told the jury that the written contract signed by appellant and appellee did not of itself have the legal effect of releasing the defendant from any liability under the warranty made by the plaintiff by virtue of his indorsement. It is claimed by appellant that this contract was a complete release of any liability on his part as indorser and that the instruction is erroneous. We cannot agree with this contention. An indorsement without recourse does not release the indorser from the warranty that the note is valid and legal. And if appellee took the note without knowledge of its illegality, the contract did not have the effect of releasing appellant from his warranty as indorser.

The fifth instruction is erroneous for the reasons already stated. There was no reversible error in the rulings of the court upon the admission of evidence. For the errors indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*