Thorwald A. Tollifsen, Appellee, v. Middle States Investment Company, Appellant.

Gen. No. 33,272.

Opinion filed May 29, 1929.

ALTHEIMER & MAYER, for appellant; A. B. MANION, of counsel.

ISIDORE FRIED and EDWARD HORCHLER, for appellee; BERNARD A. STOL, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action in trover. In the declaration plaintiff avers that he was possessed as of his own property

of a certain promissory note dated July 20, 1926, for the total sum of $3,150, made by Hans T. Bjorndal and Martha T. Bjorndal payable to themselves and by them indorsed (the note reciting that it is secured by trust deed on real estate in Cook county, Illinois, to Adolph Anderson, trustee), in certain monthly instalments, with interest at 6 per cent on the entire balance remaining from time to time unpaid, which note was secured by trust deed conveying certain property in Cook county, Illinois, made by Hans T. Bjorndal and Martha T. Bjorndal to Adolph Anderson, trustee, which trust deed was duly recorded in the office of the recorder of deeds of Cook county, Illinois, on July 23, 1926. The declaration further alleges that on July 20, 1926, plaintiff casually lost the note and trust deed out of his possession, and that afterwards on July 20, 1926, the same came to the possession of the defendant Middle States Investment Company by finding, and that defendant well knowing that the note and trust deed were the property of plaintiff has not yet delivered the same or any or either of them to plaintiff, although often requested so to do, and on the same day defendant converted and disposed of said note and trust deed to its own use.

To the declaration defendant interposed a plea of not guilty. There was a trial before the court and jury and a verdict in favor of plaintiff and against defendant for the sum of $3,150, upon which, after overruling motions for a new trial and in arrest of judgment, the court entered a judgment, from which defendant has perfected and prosecutes this appeal.

The defendant bought the note and trust deed from Adolph Anderson, the trustee in the trust deed securing the note, for the sum of $2,526.50. The fact is not controverted that Adolph Anderson was the real estate agent in the sale of the property conveyed by the trust deed to him as trustee for plaintiff, who owned the

same before conveying it, and that the note and trust deed aforesaid were given as part of the purchase money for the purchase thereof, and that the trustee Anderson, instead of delivering the note and trust deed to plaintiff, unlawfully converted the same to his own use, and after selling the same to defendant absconded with the proceeds, and that the sale to defendant was unauthorized by plaintiff and unknown to him until after the sale to defendant.

The crucial question in this case is one of good faith on the part of defendant in its purchase of the note and trust deed from the trustee Adolph Anderson. Whether or not defendant acquired the note and trust deed in good faith is one of fact for the jury, and as said in *Murray v. Lardner,* 69 U. S. 110:

"The rule may perhaps be said to resolve itself into a question of honesty or dishonesty, for guilty knowledge and wilful ignorance alike involve the result of bad faith. They are the same in effect." And in *Goodman v. Simonds,* 61 U. S. 343, relied upon in case, *supra,* Mr. Justice Clifford in the court's opinion, speaking for the court, said:

". . . the question whether the party had such knowledge or not, is a question of fact for the jury, and, like other disputed questions of *scienter,* must be submitted to their determination, under the instructions of the court; and the proper inquiry is, did the party, seeking to enforce the payment, have knowledge, at the time of the transfer, of the facts and circumstances which impeach the title, as between the antecedent parties to the instrument? and if the jury found that he did not, then he is entitled to recover, unless the transaction was attended by bad faith, even though the instrument had been lost or stolen. Every one must conduct himself honestly in respect to the antecedent parties, when he takes negotiable paper, in order to acquire a title which will shield him against

prior equities. While he is not obliged to make inquiries, he must not wilfully shut his eyes to the means of knowledge which he knows are at hand, as was plainly intimated by Baron Parke in *May v. Chapman,* 16 Mees. & W. 355, for the reason that such conduct, whether equivalent to notice or not, would be plenary evidence of bad faith."

We find from the plenary evidence in this case that defendant acquired the note and trust deed in bad faith. On this point it was said in *Arnd v. Aylesworth,* 145 Iowa 185:

"Whether plaintiff has sufficiently satisfied the burden resting upon him and made good his claim to be an innocent purchaser is therefore a question for the jury, save in those instances where the testimony is not only consistent with the good faith of such purchase, but is such that no fair-minded person can draw any other inference therefrom. A categorical denial of notice or knowledge is something which in many, if not in most, instances cannot be opposed by direct proof; and the credibility of the witnesses, their interest in the case, the reasonableness or unreasonableness of their statements, the time, place and manner of the transaction, its conformity to or its departure from the ordinary methods of business, and all the other facts and circumstances which, though of slight moment in themselves, yet, when taken together, give character and color to the purchase under inquiry, constitute a showing which the court cannot properly pass upon as a matter of law. Observing this principle it has frequently been held that a denial of notice by the purchaser, though he be uncontradicted by any other witness, is not sufficient to justify a directed verdict in his favor." *Connelly v. Greenfield Sav. Bank,* 192 Iowa 876. It was held in *Chicago Title & Trust Co. v. Aff,* 183 Ill. 91, that leaving the notes and trust deed with a trustee for cancellation and release was not such negli-

gence as would estop the rightful owner of the paper from reclaiming them from a party who had purchased them from the trustee, although such party may have been negligent in so doing.

As to the burden of proof of bad faith, when the testimony of plaintiff showed that the title of Anderson, from whom defendant bought the note and trust deed, was defective, the burden was upon defendant to show affirmatively that it purchased the note and trust deed in good faith. Had it availed of such duty and inquired into the title of Anderson it would have discovered that Anderson had no title to the note or trust deed which he could of right pass to defendant.

The Illinois Negotiable Instrument Act, ch. 98, Rev. St., by paragraph 75, Cahill's St. ch. 98, ¶ 75, provides:

"The title of a person who negotiates an instrument is defective within the meaning of this Act when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud."

And by paragraph 79, Cahill's St. ch. 98, ¶ 79, it is provided:

"Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title.

Defendant was put upon its inquiry when the trust deed disclosed the fact that Adolph Anderson, the trustee from whom it bought them, was the trustee and not the payee in the note. That fact put defendant upon

inquiry to ascertain the *bona fides* of the representations made by Anderson. And furthermore it was an element for the jury to consider whether the fact that defendant bought the trust deed and note for much below their intrinsic value was not a suspicious circumstance, from which they may have doubted the *bona fides* of the title of Anderson, and these facts with the further fact that Anderson absconded and could not be found, were sufficient in fact to show that defendant did not acquire title to the note and trust deed in good faith.

As said in *Dodge v. Bowen* (Supreme Court of Massachusetts, not yet reported), 162 N. E. 368:

''In the case at bar, if the defendant proves that the title of any person who has negotiated the instrument was defective, the presumption arising by the first clause of 'section 82 (equivalent to our section 79) is destroyed, and the plaintiff has the duty of producing evidence that he or somebody through whom he took the note was a holder in due course at the time the instrument was acquired. *Phillips v. Eldridge,* 221 Mass. 103.

''The ruling of the judge that the defendant had to show knowledge in the plaintiff before showing a defect in title of some person who had negotiated the note was incorrect. It was enough if shown that the title of some person who had negotiated the instrument was defective. It was then incumbent upon the plaintiff to show he was a holder in due course.'' *Bell v. McDonald,* 308 Ill. 329. In *Hide & Leather Nat. Bank v. Alexander,* 184 Ill. 416, which was an action in trover, the court said:

''The note was transferred by Schintz fraudulently, and the rule is, that when a note has been put into circulation fraudulently, the presumption in favor of the holder's title is overcome. Schintz committed a fraud by disposing of the note to which he had no title, and it rested upon the bank to show that it took it in

good faith for value before maturity and in the usual course of business. (*Wright v. Brosseau,* 73 Ill. 381; *Charles v. Remick,* 156 id. 327; *Hodson v. Eugene Glass Co.,* 156 id. 397; 4 Am. & Eng. Ency. of Law, 2nd ed. 321.) Whether the defendant succeeded in making such proof was to be determined as a question of fact, and should have been embraced within the hypothesis." *Beard v. Baxter,* 242 Ill. App. 480; *Merchants' Loan & Trust Co. v. Welter,* 205 Ill. 647.

The president of defendant testified that Anderson came to his office offering the note and mortgage for sale, and that he sent him to their legal department. An attempt was made to introduce in evidence an affidavit by Anderson. This affidavit did not state any fact which would show that he was the owner of the note and trust deed. He simply swore to conclusions. However, whatever the affidavit may have contained, it was not admissible as evidence for defendant.

The last expression of an opinion of our Supreme Court analogous to the one at bar is *Owens v. Nagel,* 334 Ill. 96, where it was held that under the Negotiable Instrument Act the holder of a promissory note, regular on its face, is deemed prima facie to be a holder in due course; but if evidence is introduced showing that the title of the payee is defective, the burden is on the holder to prove that he, or the person under whom he claims, acquired title in due course and without notice of the defect; and it was further held that where a note is payable to a trustee, in a suit on the note by one who purchased it from the trustee without making any inquiry as to the latter's authority to negotiate the note, the maker of the note may prove that the title of the payee was defective, within the meaning of the Negotiable Instrument Act, by evidence of the limitations of the trust under which the payee took the note and that it was negotiated in breach of faith and under circumstances amounting to fraud.

The note in question being payable to the order of the makers, and by them indorsed, being found in the hands of the trustee Anderson, was in the hands of the trustee, not the lawful owner thereof, and was tantamount to a note being payable to the order of the trustee, as the note in this case passed by delivery, and the trustee obtained no title thereto by withholding the same from the lawful owner, the plaintiff, so that *Owens v. Nagel, supra,* is analogous on every material point to the instant case.

We find no error in the giving of the instructions found in the record or the refusal to give those proffered by defendant. On the evidence before the jury they were clearly warranted in finding a verdict for plaintiff and in concluding in the reaching of their verdict that defendant was not the holder of the note and trust deed in suit in good faith, but took the same from the trustee Anderson in bad faith. The judgment of the circuit court being right is affirmed.

*Affirmed.*

WILSON and RYNER, JJ., concur.