UNION STOCK YARDS NAT. BANK v. MOORE et al.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1897.)

**1. PARTIES.**

To a suit brought against a bank to recover money deposited with it by a corporation, which plaintiffs claimed acted as their agent in making the deposit, and which deposit the bank had applied to the payment of a debt to it from the depositor, the corporation making the deposit was a proper, and even necessary, party; but as, on the rendition of the decree in favor of complainants, that company appeared entitled to no right or relief, and was not subjected to any liability, a dismissal as to it was proper.

**2. BANKS—DEPOSIT BY AGENT.**

Where the officers of a bank, when they received a deposit which they applied to the payment of a debt due from the depositor to the bank, knew or had reason to believe that the deposit contained moneys belonging to others, for whom the depositor was but the agent or factor, the persons who were in equity the owners of the money were entitled to recover it from the bank.

Appeal from the Circuit Court of the United States for the District of Nebraska.

The appellant is a national bank doing business at the Union Stock Yards at South Omaha, Neb.; and in the year 1895, and prior thereto, the Waggoner-Birney Company was a corporation of the same place, engaged in business as a live-stock commission agent and factor, doing all of its banking business with the appellant, and at the close of business on the 1st day of August, 1895, was indebted to the appellant, upon overdrafts and its checks paid by the appellant, in the sum of $8,918.10, and upon its two promissory notes, having then considerable time to run before maturity, in the further sum of $8,774.39. On said 1st day of August, 1895, the appellees brought by railroad to South Omaha a large shipment of cattle, and gave them, for sale upon commission, to the Waggoner-Birney Company aforesaid, who made sale of the cattle on the same day, and, near the close of business of that day, deposited the proceeds of such sale, with some other moneys, in the appellant bank; the entire amount of the deposit being the sum of $17,666.30. On the receipt of such deposit by the appellant, it assumed to apply the same, as moneys of said Waggoner-Birney Company, in payment and satisfaction of all said indebtedness of said company to said bank, including the said two notes of said company not matured; and on the morning of August 2, 1895, upon the presentation of the check of said company upon said bank for the sum of $11,773.03, to be paid to the appellees as the net amount belonging to them from the proceeds of the sale of their cattle, all of which proceeds had been included in said deposit of the preceding day, said bank refused to pay the same or any part thereof, and claimed to hold all of said money under said application by it of the same in satisfaction of said indebtedness of the said company to said bank. Whereupon this suit was begun by the appellees, and upon trial thereof the court made the decree in their favor which is appealed from.

J. M. Woolworth (J. L. Kennedy and Myron L. Learned on the brief), for appellant.

C. J. Smyth, for appellees.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

1. Although the Waggoner-Birney Company, from its connection with, and possibility of interest in, the subject of the litigation, was a

79 F.—45

proper, and even necessary, party defendant, yet on the rendition of the decree, as it appeared entitled to no rights or relief, and was not subjected to any liability in the action, the dismissal, as to that company, was proper. If the appellant deemed that said company should be retained longer as a party, it should have brought that party here on this appeal, but its rights and interests in the subject-matter are fully determined by the decree to which it was a party.

2. The right of the appellees to recover of the appellant the moneys claimed by the appellees in this suit depended upon the litigated questions of fact, whether the appellees were in equity the owners of the money claimed by them at the time the same was deposited by said company in said bank, and whether the officers of said bank, when it received such deposit, knew, or had reason to believe, that the deposit consisted of or contained moneys not belonging to said company, but to the appellees, or to others for whom the company was but the agent or factor. Clemmer v. Bank (Ill. Sup.) 41 N. E. 728; Bank v. Gillespie, 137 U. S. 411, 11 Sup. Ct. 118. The court found these facts in favor of the appellees, and, from a careful consideration of the evidence, we are satisfied with the correctness of such finding. The decree appealed from is affirmed, with costs.