## ITALIAN FRUIT AND IMPORTING CO. *vs.* PENNIMAN & CARRINGTON, RECEIVERS.

*Tracing Trust Funds,—Insufficient Evidence.*

Appeal from Circuit Court No. 2, of Baltimore City (SHARP, J.) *Affirmed.*

This is an appeal from an order overruling the exceptions to an audit distributing assets of the City Trust and Banking Company. The appellant chartered the steamship "Astrea" for five months at $4,001.25 per month, payable semi-monthly in advance. The owner demanded security and the City Trust and Banking Company gave what is spoken of as a banker's guarantee for that purpose on March 14th, 1903. The appellant company had an account with the Banking Company previous to that time, and on that date drew a certified check for $15,000 to the order of Wm. F. Wheatley, who was president of the Banking Company, which was charged to the general account of the appellant. At the time the certified check was give the appellant apparently did not have the full amount in its account, but it was made good a day or two afterward. The receiving teller testified that the certified check was credited to an account in which the Banking Company kept "special monies for disbursements that we were obligated for." There is some controversy between the parties as to the exact *status* of this fund, but it is shown that after the check was given the representative of the steamship was satisfied. An effort was made to get a bonding company as security for the charter party but that failed. The object was to release the $15,000 so the appellant would have the use of it. An arrangement was made by which the Banking Company was to pay the semi-monthly charges for the vessel, out

of the $15,000 and some additioal deposits made by appellant which were necessary to meet the charges for five months. It did make some payments and on June 6th, 1902, there was still a balance of $8,786.48. On that date the Banking Company was placed in the hands of receivers, who are the appellees, and the appellant filed a petition alleging that said balance was a special fund held in trust for the payment of the hire of the ship, and was not a regular deposit subject to check. The petition asked the Court to pass an order requiring the receivers to pay said sum to a trustee to be appointed by the Court, to be applied towards the payment of the hire of the ship as it became due. The Court passed an order for the receivers to show cause why that should not be done. They answered the petition, testimony was taken before an examiner, and some before the auditor. An audit was stated distributing twenty *per centum* to the general creditors, including the appellant, which filed exceptions because it was not distributed to in full payment of its account. There is some controversy between the parties as to whether the relation of trustee and *cestui que trust* did not exist between the Banking Company and the appellant, but in the view we take of the case that is immaterial.

The uncontradicted testimony of Mr. Carrington, one of the receivers, shows that on June 6th, there appeared by the books of the Banking Company to be in other banks and on hand $4,485.69, of which amount only $2,062.75 was received by the receivers, in currency and checks. The latter amount was deposited after 12 o'clock on that day and was in the vault of the company. All monies received prior to 12 o'clock, it being Satnrday, were deposited in one or more of several banks named, as all of the Banking Company's reserve agents closed their doors at that hour. The receivers never received anything from the apparent balances in the banks, as they were held by the respective banks as credits on amounts due them by the Banking Company, excepting in one instance where the balance in a New York Trust Company was attached. So the only amount that could possibly be claimed by the appellant is the $2,062.75, and as Mr. Carrington proved

that the identical money they received was deposited by depositors with the Banking Company after 12 o'clock the day the receivers were appointed, it is difficult to understand upon what theory the appellant can claim it or any part of it.

The cases of *Englar* v. *Offutt*, 70 Md. 78, and *Drover's Bank* v. *Roler*, 85 Md. 495, are conclusive of the question, without requiring reference to those elsewhere. It was said in the former that "So long as a trust fund *can be traced* the Court will always attribute the ownership thereof to the *cestui que trust* and will not allow the right to be defeated by the wrongful act of the trustee or fiduciary in mixing or confusing the trust fund with funds of his own, or even those of a third party. The true owner of a fund traced to the possession of another has a right to have it restored, not as a debt due and owing, but because it is his property wrongfully withheld from him." It makes no difference whether the fund be traced into a bank account, into the hands of an individual or firm, if its identity can be established and no superior rights of innocent parties have intervened, it will be held for the benefit of the *cestui que trust.* Nor does the fact that it has been changed or altered in its nature, or character, affect the relation between the *cestui que trust* and the trustee or those claiming under him. "The sole question, therefore, in every case where trust property is attempted to be traced is whether it can or cannot be identified either in its original or altered form." That test disposes of the appellant's claim for priority. This fund is not only not identified as in any way belonging to it, but it is affirmatively shown that it never did. The cases cited above have so fully considered the question and so clearly explained the position this Court has taken that it would be useless to prolong this opinion by a further discussion of the subject.

The appellant does not claim any of the other money, realized by the receivers from the assets of the Banking Company and distributed in the audit. Mr. Carrington said they received it "from a general recourse against the assets of the City Trust and Banking Company consisting of bonds and stock and collections on notes and other obligations." No attempt was made to trace the appellant's funds or any part

thereof into those assets.    The order of the Court below over-ruling the exceptions and ratifying the audit will be affirmed.

Opinion by BOYD, J., filed June 22nd, 1905.    Argued by *John J. Hurst*, for the appellant.    *E. C. Carrington, Jr.*, for the appellee.