# ENOS A. PLATTS v. METROPOLITAN NATIONAL BANK OF MINNEAPOLIS.[1]

July 2, 1915.

Nos. 19,239—(161.).

**Bank — insolvency of depositor — unmatured note.**

1. The general rule is that a bank holding an unmatured note of a depositor may upon his insolvency offset the deposit against the note.

**Same — deposit impressed with a trust — plaintiff entitled to recover.**

2. Four farmers in South Dakota gave mortgages on their farms through an agent there to Barnes Brothers at Minneapolis. The agent had authority to receive the money. He directed the mortgagees to deposit the money in the defendant bank to the credit of a bank at Fort Pierre which had an account with the defendant bank. Barnes Brothers drew their checks on the Northwestern National Bank and sent them to the defendant bank with directions to notify the Fort Pierre bank. The bank did not know of the deposits nor claim them, nor indorse or see the checks, nor make directions relative to them. The defendant bank had no communication with the Fort Pierre bank relative to them. Immediately after they were deposited the Fort Pierre bank became insolvent. It then owed the defendant bank on a promissory note exceeding the amount of the checks and its own money on deposit. It is *held* that the $2,000 was impressed with a trust, the defendant bank cannot retain it upon the doctrine of equitable set-off, and that the plaintiff, the assignee of the four mortgagors, is entitled to recover.

[1] Reported in 153 N. W. 514.

Note.—Generally as to right of a bank to set off unmatured claim against deposit of debtor, see notes in 27 L.R.A.(N.S.) 811 and 46 L.R.A.(N.S.) 1059. And as to the effect of immaturity of claim at the time of insolvency proceedings upon the right of set-off, see notes in 25 L.R.A.(N.S.) 393; 23 L.R.A. 313; 17 L.R.A. 456 and 15 L.R.A. 710.

Action in the district court for Hennepin county to recover $2,000. The facts are stated in the opinion. The case was tried before Jelley, J., who denied defendant's motion for judgment on the pleadings, made findings and ordered judgment in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Jay W. Crane,* for appellant.

*Powell & Simpson* and *Gaffy, Stephens & Fuller,* for respondent.

DIBELL, C.

Action by the plaintiff, as assignee of four different persons, to recover the sum of $2,000 received by the defendant bank under the circumstances hereafter stated. There were findings for the plaintiff. The defendant appeals from the order denying its motion for a new trial.

1. The rule is general that a bank, holding a not yet due note of a debtor who is a depositor, has, upon the debtor's insolvency, an equitable right of set-off of the note against the deposit. Wunderlich v. Merchants Nat. Bank, 109 Minn. 468, 124 N. W. 223, 27 L.R.A.(N.S.) 811, 134 Am. St. 788, 18 Ann. Cas. 212. This case discusses at some length the basis and application of the doctrine of equitable set-off, and reviews the earlier cases. It leaves no present need of further discussion.

2. The defendant bank seeks to retain the $2,000 by the application of the doctrine of equitable set-off to the facts now to be stated.

In April, 1913, the Citizens State Bank of Fort Pierre, South Dakota, borrowed of the Metropolitan National Bank of Minneapolis the sum of $4,500 on its 90-day note. The sum was credited to the Fort Pierre bank on the books of the Metropolitan Bank on April 18, 1913.

One John Hayes was the president of the Fort Pierre bank and negotiated the loan for it.

Hayes was engaged in the farm loan business. Four farmers living in South Dakota employed him in April, 1913, to get them loans of $500 each on their farms. He was their agent. His loan business was a private business unconnected with that of the bank.

He negotiated these loans through Barnes Brothers of Minneapolis. He was authorized to receive the proceeds. The money which he got belonged to the four farmers. He directed Barnes Brothers to put the money in the defendant Metropolitan Bank to the credit of the Fort Pierre bank. Barnes Brothers drew four separate checks of $500 each on their own bank, the Northwestern National, in favor of the Metropolitan bank "c/o Citizens State Bank, Fort Pierre, S. D." In each letter of transmittal Barnes Brothers instructed the Metropolitan Bank to place the check enclosed to the credit of the Fort Pierre bank and advise it accordingly. Two of the checks were dated on April 25, and were deposited April 26. Two were dated April 28, certified for the defendant bank on April 29, and on that day deposited. All the checks were drawn on the Northwestern National Bank payable to the defendant bank and none were indorsed by the Fort Pierre bank or were ever in its possession. On April 29, 1913, the Fort Pierre bank became insolvent and the Metropolitan bank credited the $2,000 belonging to the South Dakota people, then intact in the bank, together with the Fort Pierre bank's own money on deposit, against the non-due note of the Fort Pierre bank.

This action is by the plaintiff, as assignee of the four farmers, in substance for money had and received. Hayes never claimed the money to be his. The Fort Pierre bank never claimed it, never had it, never heard of it. It was the money of the four farmers and was impressed with a trust in their favor. It was put in the defendant bank in the name of the Fort Pierre bank for the evident purpose of transmission to South Dakota.

There is no finding that the defendant bank knew that the checks deposited by Barnes Brothers were impressed with a trust.

Some cases hold that the right of set-off exists against money deposited, though it is impressed with a trust in favor of a third person, if the bank is in ignorance of the trust. We do not find that the question of notice of the trust has been made the controlling test in this state or that the precise question has been met. There are authorities both ways. Whatever the proper rule is, with the natural equities all in favor of the four men who owned the money

and a total lack of natural equity in favor of the bank, for the $2,000 was a total loss to the four men who had mortgaged their farms to raise it and a "find" by the bank, we cannot hold that money received as this money was, hardly in the regular course of banking business, should be used to pay a Fort Pierre bank debt to the defendant bank. The court was right in denying the off-set. If necessary to sustain its decision it could easily be held that it conclusively appeared that the bank was charged with notice.

A number of other assignments of error are made. We have examined them all but we do not find their discussion necessary.

Order affirmed.