## P. N. CARDOZO v. W. H. FAWCETT.[1]

January 18, 1924.

No. 23,727.

**Negotiability of county warrants.**

1. County warrants drawn on a special fund and indorsed by the treasurer, "not paid for want of funds," are not negotiable instruments.

**Recovery of warrants from good faith purchaser.**

2. Where such warrants, indorsed in blank by the payee, are sold to a person who thereafter places them in the hands of an agent for collection, and such agent, instead of collecting them, wrongfully sells them to a good faith purchaser, the owner may recover them from such purchaser.

**Owner not estopped by delivery to agent for collection.**

3. Although the indorsement of the payee made them transferable

[1]Reported in 196 N. W. 809.

> by delivery, merely intrusting them to an agent for collection is not such conduct on the part of the owner as will estop him from reclaiming them from a purchaser from such agent.

Action in the district court for Ramsey county for restitution of two auditor's warrants or for $3,000, the value thereof. The case was tried before Michael, J., who when plaintiff rested denied defendant's motion to dismiss and at the close of the testimony plaintiff's and defendant's motions for directed verdicts, and a jury which returned a verdict in favor of plaintiff for the possession of the property or for $3,276.50. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*L. O. Rue* and *Charles F. Kelly*, for appellant.

*Ambrose Tighe* and *O. H. O'Neill*, for respondent.

TAYLOR, C.

Action in replevin to recover possession of two auditor's warrants drawn by the auditor of Cass county on the treasurer of that county, one for the sum of $1,000; the other for the sum of $2,000. The warrants were issued October 19, 1921, and directed the treasurer to pay the amounts thereof to the order of L. & L. Construction Company and charge to a designated special road fund, "If there is money in the treasury for that purpose." A clause inserted in the warrants indicated that the claim had been assigned to the Citizens State Bank of Kelliher. On October 21, 1921, the treasurer indorsed upon the warrants: "presented for payment and not paid for want of funds." Shortly thereafter they were indorsed in blank, without recourse, by the bank and by the construction company, and became the property of Stevens & Company, a corporation engaged in the business of buying and selling securities. In November, 1921, Stevens & Company sold and delivered them to plaintiff who took them without any other or further indorsement than above stated.

On February 18, 1922, Stevens & Company wrote plaintiff that the warrants had been called for payment and offered to collect

them for him from the county. Plaintiff, through his broker, sent the warrants to Stevens & Company with instructions to send them to the county for payment and remit the proceeds to him.

On February 23, 1922, Stevens & Company sold the warrants to defendant who purchased them for full value believing that Stevens & Company owned them. On the same day Stevens & Company sent plaintiff their check for the amount of the warrants which plaintiff deposited for credit to his account. A few days later the check was returned by the bank on which it was drawn unpaid for want of funds. Shortly thereafter Stevens & Company was adjudged a bankrupt. Plaintiff filed a claim for the amount of the check in the bankruptcy proceedings. Learning thereafter that the warrants had not been called for payment by the county, and that Stevens & Company had not sent them to county officials nor collected them, but had sold them to defendant, plaintiff demanded the warrants from defendant and brought this action to recover possession of them. The court directed the jury to determine whether plaintiff had delivered the warrants to Stevens & Company solely for the purpose of collection, whether he was negligent in delivering them to Stevens & Company indorsed as above stated and with no other indorsements thereon, and whether by his conduct he had ratified the sale made by Stevens & Company to defendant. The jury returned a general verdict for plaintiff and defendant appealed from an order denying a new trial.

The evidence amply supports and perhaps required the findings that plaintiff delivered the warrants to Stevens & Company solely for the purpose of collection, that he was free from negligence in the matter, and that he had not ratified the acts of Stevens & Company after knowledge thereof.

Defendant contends that plaintiff is estopped from asserting title to the warrants as against him; and invokes the doctrine that, where one of two innocent parties must suffer a loss through the fraud of a third, such loss is to be borne by the one whose acts enabled the wrongdoer to commit the fraud. Although this rule is usually stated in general terms, it is usually held to be applicable

only in those cases in which some fault or negligence is imputable to the party against whom it is invoked, and we think the facts do not bring the present case within it.

Plaintiff was the absolute owner of the warrants. It is the general rule that the owner may pursue and reclaim his property wheresoever he may find it and in whosesoever hands it may be; but there are several exceptions to this rule. It does not apply to commercial paper negotiable under the law merchant. The warrants in question are not negotiable instruments under that law, but merely choses in action, and do not come within that exception.

The owner of personal property may clothe another with such indicia of ownership that he will be estopped from asserting title against a good faith purchaser from such other. In most of the cases in which this principle has been applied, the legal title to, or some special interest in, the property had been vested in the wrongdoer. It does not apply to cases in which the owner merely places his property in the possession of an agent or bailee. It must appear that he has done something more than merely to deliver possession of the property to the agent or bailee with the right to control or use it for some temporary purpose. Greene v. Dockendorf, 13 Minn. 66 (70); Warder, B. & G. Co. v. Rublee, 42 Minn. 23, 43 N. W. 569; Baker v. Taylor, 54 Minn. 71, 55 N. W. 823; Hedderly v. Backus, 53 Minn. 27, 55 N. W. 116; Bjork v. Bean, 56 Minn. 244, 57 N. W. 657; Kiewel v. Tanner, 105 Minn. 50, 117 N. W. 231, 25 L. R. A. (N. S.) 772; Norris v. Boston Music Co. 129 Minn. 198, 151 N. W. 971, L. R. A. 1917 B, 615; also exhaustive note in 25 L. R. A. (N. E.) 760. Choses in action are governed by the same rule. Cochran v. Stewart, 21 Minn. 435; Schumacher v. Greene Cananea Copper Co. 117 Minn. 124, 134 N. W. 510, 38 L. R. A. (N. S.) 180, Ann. Cas. 1913C. 1115; 3 R. C. L. 1026.

The warrants in question were payable to the construction company but bore upon their face a notation of assignment to the Citizens Bank. They were indorsed by both the construction company and the bank, but bore no other indorsements. Defendant urges that the act of plaintiff in delivering them to Stevens &

Company in a condition in which they could be transferred by delivery is sufficient to estop him from reclaiming them from a bona fide purchaser from that company, and there is authority to, that effect. But plaintiff did not transfer the title to the warrants to Stevens & Company. He remained the absolute owner of them. He merely intrusted them to Stevens & Company for collection, and the jury found that he was not negligent in doing so. Not being negotiable instruments, they were notice to a purchaser that he took no better title than his vendor possessed. Under the rule recognized by this court and sustained by the weight of authority, merely intrusting another with the possession of such instruments does not constitute holding him out as the owner of them, and is not sufficient to create an estoppel which will bar the true owner from recovering them from one to whom the person intrusted with their possession has wrongfully undertaken to sell them for the purpose of appropriating the proceeds to himself. Foley v. Smith, 6 Wall. 492, 18 L. ed. 931; First Nat. Bank v. Gates, 66 Kan. 505, 72 Pac. 207, 97 Am. St. 383; Scollans v. Rollins, 173 Mass. 275, 53 N. E. 863, 73 Am. St. 284; Stern Brothers v. Germania Nat. Bank, 34 La. Ann. 1119; Osborn v. McClelland, 43 Oh. St. 284, 1 N. E. 644; Rocky Mountain Co. v. Sparling Coal Co. 26 Colo. App. 260, 143 Pac. 815; Knox v. Eden Musee Am. Co. 148 N. Y. 441, 42 N. E. 988, 31 L. R. A. 799, 51 Am. St. 700; Hide & Leather Nat. Bank v. Alexander, 184 Ill. 416, 56 N. E. 809; Young v. Brewster, 62 Mo. App. 628.

If the rule contended for were to be applied in such cases as this, the employment of agents would be hazardous, and non-negotiable instruments, transferable by delivery, would be placed on much the same footing as negotiable instruments.

The order of the trial court is affirmed.