STEERE et al. v. STOCKYARDS NAT. BANK. (No. 405–3757.)

(Commission of Appeals of Texas, Section B. March 5, 1924.)

1. Appeal and error ⬅861 — Supreme Court passes only on point of law in answering certified question.

In answering a certified question, the Supreme Court is merely passing upon a point of law and not a question of fact.

2. Appeal and error ⬅987(1) — Supreme Court will not pass upon fact questions unless properly before it.

The Supreme Court will not pass upon fact questions unless they are before it in such a way as to be clearly within its jurisdiction.

Appeal from Court of Civil Appeals of Second Supreme Judicial District.

On motion for rehearing. Motion overruled. For former opinion, see 256 S. W. 586.

On Motion for Rehearing.

POWELL, P. J. We have carefully considered motion for rehearing filed herein by appellee. We think the same is without merit and recommend that it be overruled.

[1, 2] In the first ground of motion for rehearing, counsel for the bank contend that the Court of Civil Appeals, in propounding the second certified question, went no further than to ask if the bank, with knowledge that one-third of the Graves' deposits were trust funds, was put upon inquiry to ascertain whether the rest of the deposits were of that character before applying the deposit to a personal debt of Graves to the bank—that the Court of Civil Appeals did not intend to hold, in propounding that question, that such an inquiry would have rendered unauthorized the offsets from such deposit to the overdraft of Graves to the bank. In response to this contention, we merely desire to say that the wording of the question in the case indicates rather clearly to us that the Court of Civil Appeals had decided that inquiry by the bank would have ascertained the trust nature of the deposit and rendered the application to Graves' overdraft unauthorized. But, it is immaterial to us what the Court of Civil Appeals thinks of the facts. In answering a certified question, the Supreme Court is merely passing upon a point of law and not a question of fact. We have answered this question in the affirmative and held that, knowing the deposit contained trust funds, the bank was put upon inquiry to ascertain what part of such deposit consisted of such trust funds before paying a personal debt of Graves to itself out of that deposit. Upon receiving this answer, we are sure the Court of Civil Appeals will then pass upon the *facts* in connection therewith, fully and freely, and uninfluenced in any way as to the facts by what we have said. The Supreme Court has no desire to invade the jurisdiction of the Court of Civil Appeals in exercising its prerogatives in passing upon fact questions, and it will not pass upon such questions until they are before it in such a way as to be clearly within its jurisdiction.