# A. J. NEILSEN v. UNION STATE BANK OF MINNEAPOLIS.[1]

October 30, 1925.

No. 24,789.

**Defendant bank accounted for collection made by it for plaintiff's agent.**

1. The evidence is conclusive that defendant received certain non-negotiable county warrants from plaintiff's agent for collection and not as a purchaser, such warrants having been turned over to such agent by plaintiff with authority to collect, and that defendant duly collected and accounted to plaintiff's agent for the money received before it had any knowledge of plaintiff's ownership of the warrants.

**New trial not proper notwithstanding admission of defendant in stricken pleading.**

2. This being so, there should not be a new trial, even though it appears that an admission, stricken by stipulation from the original answer and properly received as evidence against defendant, was afterwards regarded by the court as erroneously received, as indicated by the memorandum of the court accompanying the order refusing to amend the findings and denying a new trial. Such admission in a superseded pleading, though admissible, is not conclusive.

1. See Banks and Banking, 7 C. J. p. 623, § 295.
2. See Evidence, 22 C. J. p. 337, § 380; New Tenant, 29 Cyc. p. 771.

Action in the district court for Hennepin county to recover possession of three warrants or their value. The case was tried before Montgomery, J., who ordered judgment in favor of defendant. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*L. E. Petri* and *Victor M. Petersen*, for appellant.

*A. B. Darelius* and *Paul J. Marwin*, for respondent.

HOLT, J.

Action for the conversion of three non-negotiable county warrants wherein the facts proven and found by the court were sub-

[1] Reported in 205 N. W. 453.

stantially as follows: Stevens & Company was a corporation deal-
ing in bonds and securities, including county warrants. It sold
three warrants, issued by Roosevelt county, Montana, to plaintiff.
The warrants aggregated $144. Sometime thereafter Stevens &
Company notified plaintiff that the county had called the warrants
for payment, and requested that he turn them over to the company
for collection. They were so turned over. The company was a
customer of defendant, a bank, and had a deposit and checking ac-
count there. It promptly deposited these three warrants with other
funds in the usual manner with defendant on March 6, 1922; de-
fendant credited the company on its deposit account with the amount
thereof, and forwarded the warrants to Montana for collection.
They were paid in due time.

Deposits in the nature of checks, drafts or warrants are received
by the bank and the customer's account credited with the amount
provisionally, so that if, when sent by the bank for collection, pay-
ment is not made, the item is returned to the customer and his
account charged with the amount thereof. When the warrants
were deposited with defendant, the company's account was over-
drawn, and it continued to check against the account and increased
the overdraft after the deposit was made, so that, before the bank
had any knowledge that plaintiff was interested in the warrants,
the money received in redemption of the same had all been turned
over and accounted for to its customer, Stevens & Company. De-
fendant never purchased or owned the warrants. In their collec-
tion the bank merely acted as the agent of Stevens & Company, to
whom plaintiff had entrusted them for collection. This was done
in the customary manner through a bank.

The instant case is not at all similar to Cardozo v. Fawcett, 158
Minn. 57, 196 N. W. 809, upon which plaintiff predicates the appeal.
There Stevens & Company were also entrusted with the collection
of non-negotiable county warrants, but, instead of pursuing the
authority given, the company wrongfully sold them. It was held
that, in the action of replevin for their possession, the title of the
one who had entrusted them to Stevens & Company for collection

prevailed over the subsequent innocent purchaser from the company. This is not such a case. Neither the warrants nor any of the moneys received upon their collection were in the hands of defendant when this action was begun or when it received notice of plaintiff's claim. The authority given Stevens & Company had been strictly pursued, and the collection had been made and received by the company, the only one for whom defendant acted.

By stipulation the original answer was amended by striking out a paragraph therein which admitted that "defendant purchased said warrants from Stevens & Company in the ordinary and usual course of business and paid said Stevens & Company in full therefore, and that at the time of such purchase and payment defendant had no notice or knowledge of any defect in the title to said property." At the trial this admission was offered and received over defendant's objection, for the original answer was verified by its cashier so that proper foundation for an admission was laid. But, from the memorandum of the learned trial court accompanying the order refusing to amend the findings and denying a new trial, it would appear that the ruling on the trial was deemed wrong on the authority of Mecham v. McKay, 37 Cal. 154, and Ralphs v. Hensler, 114 Cal. 196, 45 Pac. 1062; hence, it is argued, that this important evidence, though received, was obviously excluded when the court came to make the findings.

Whether the findings made may or may not be thus attacked by what the court states in a memorandum not made when the findings were filed, but when deciding a subsequent motion, we need not consider, for we think the evidence, notwithstanding the noted admission in the original answer, compels the findings made. There was no dispute at all in the evidence as to the facts showing that the warrants were received by defendant from plaintiff's agent as a deposit for collection and not as a purchase, and that defendant had fully accounted to such agent. The admission in the stricken part of the original answer, though under the decisions of this state proper evidence against defendant, was not conclusive. Vogel v. D. M. Osborne & Co. 32 Minn. 167, 20 N. W. 129; Reeves & Co. v.

Cress, 80 Minn. 466, 83 N. W. 443; Baxter v. Brandenburg, 137 Minn. 259, 163 N. W. 516.

It follows that the case was correctly determined, and the order denying plaintiff's motion in the alternative for amended findings or a new trial must be affirmed.