GIBBS, Respondent, v. COMMERCIAL AND SAVINGS BANK OF SIOUX FALLS, Appellant.

(208 N. W. 779.)

(File No. 5968. Opinion filed May 5, 1926.)

1. **Appeal and Error—New Trial—Referees—Court Rules—Supreme Court May Review Sufficiency of Evidence to Sustain Findings of Referee Which Circuit Court Adopted, Though No Motion for New Trial Was Made (Rule 44 of Trial Courts of Record; Laws 1919, c. 298).**

    On appeal from judgment of circuit court, Supreme Court may review sufficiency of evidence to sustain findings of referee which court adopted, though no motion for new trial was made, by express provision of rule 44 of trial courts of record, promulgated pursuant to Laws 1919, c. 298.

2. **Banks and Banking—Trusts—Bank Held Liable to Stock Buyer for Proceeds Received from Sale of His Hogs by Commission Company and Deposited with It and Used to Pay Depositors' Debt to It, Regardless of Whether It Had Notice that Such Deposit Was Trust Fund.**

> Bank held liable to stock buyer for proceeds received from sale of his hogs by commission, company and deposited with it and used to pay depositor's debt to it, regardless of whether it had notice that such deposit was trust fund.

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 294(2), 3 C. J. Sec. 909 (Anno.); (2) Banks and banking, Key-No. 134(5), 7 C. J. Sec. 357.

On right of bank to apply special deposit to an indebtedness of depositor, see notes in 30 L. R. A. (N. S.) 517; L. R. A. 1918A, 80.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Action by L. C. Gibbs against the Commercial & Savings Bank of Sioux Falls. Judgment for plaintiff, and defendant appeals. Affirmed.

*Lyon, Bradford & Grigsby,* of Sioux Falls, for Appellant.
*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondent.

GATES, P. J. [1] This case was tried before a referee. He took the evidence and made findings of fact and conclusions of law favorable to plaintiff and reported them to the trial court, which upon the hearing made them the findings and conclusions of the court and entered judgment accordingly. The appeal is from the judgment. No motion for new trial was made. It is therefore urged by respondent that the evidence is not properly before this court, and that we cannot review the sufficiency of the evidence to sustain the findings. Rule 44 of trial courts of record (40 S. D., prelim. p. 35), provides:

"The judgment so entered may be appealed from in like manner as from judgments in other cases and upon such appeal all questions may be raised that are permissible upon an appeal from a judgment and from an order denying a new trial, no motion for a new trial being necessary.

This rule was promulgated by this court pursuant to chapter 298, Laws 1919. We find nothing in the statutes which prohibited this court from promulgating a rule to dispense with motions for new trial before the trial court in matters referred to a referee. Opportunity is given by the rules for a review by the court of the sufficiency of the evidence to sustain the findings of the referee. We think no good purpose would be served by again requiring a

review of the evidence by the court before an appeal to this court can be taken. We think the rule is salutary. There is no merit to respondent's contention. Dunn v. Gamble, 198 N. W. 821, 47 S. D. 303.

[2] On February 20, 1923, plaintiff, a live stock buyer at Forestburg, shipped two carloads of hogs to the Tri-State Farmers' Commission Company of Sioux Falls, hereinafter called the Tri-State. The hogs were received and sold on February 22 for the net sum of $2,335.51. On February 23 the Tri-State deposited the proceeds in defendant bank. On February 22 it mailed plaintiff its account of sales together with a check on defendant bank. On February 23 the Tri-State deposited in defendant bank the total sum of $28,451.74. Of this sum $21,417.61 was the net proceeds from sale of live stock made by it for other parties, including that of plaintiff, and was not the money of the Tri-State.

After such deposit the bank on that day charged the Tri-State's account with $23,427 because of drafts in that amount theretofore drawn by the Tri-State on eastern commission houses and theretofore credited to the Tri-State's account, because of the absconding of the manager of the Tri-State, and because it learned that the drafts were void and would not be paid. Later the drafts were returned unpaid. On the same day the bank charged the account of the Tri-State with a past due note owing by it to the bank amounting to $2,199.33. The bank also on said day honored checks drawn by the Tri-State in the sum of $3,822.74, leaving a balance at the close of business on that day of $274.07. Plaintiff's check was presented to the bank on February 26, and payment was refused for want of funds.

Plaintiff claiming that his money was a trust fund, brought this action to recover same from defendant bank. The referee, and the trial court on review, found for the plaintiff for the full amount of his claim. One of the findings of fact is that the bank had constructive notice and knowledge of the trust character of said sums, aggregating $21,417.61, deposited on February 23 at the time it charged off the said sums of $23,427 and $2,129.33. The sufficiency of the exidence to sustain that finding is assailed. We think it unnecessary to give consideration to that question. We are of the opinion that this case is controlled by the decision

of this court in Shotwell v. Sioux Falls Savings Bank, 147 N. W. 288, 34 S. D. 109, L. R. A. 1915A, 715, wherein it was held that a bank had no right to absorb trust funds on deposit to pay the depositor's debt to it even though it had no notice of the trust. That opinion, however, conceded that:

"Where a bank has innocently taken, from one not the true owner thereof, money, drafts, or checks, and applied the same upon a debt or overdraft, and, relying upon such deposit and application thereof, has placed itself in a position where it would be inequitable to require it to account to the true owner of the fund, the bank should not be holden to the true owner of such fund."

We find nothing in this case that brings appellant within the concession.

Whether respondent was entitled to the full sum allowed or only to his proportion upon the basis of what remained after first applying the charge-off to the moneys that actually belonged to the Tri-State is not raised upon this appeal, and is therefore not hereby determined.

The judgment is affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.