THOMPSON, Respondent, v. COMMERCIAL AND SAVINGS BANK of Sioux Falls, Appellant.

(208 N. W. 780.)

(File No. 5960.   Opinion filed May 5, 1926.)

**Banks and Banking—Bank Held Liable to Stock Buyer for Proceeds Received from Sale of His Hogs by Commission Company and Deposited with It, Though Part of Hogs Were Fraudulently Sold by Commission Company to Itself in Name of Dummy Purchaser and Later Resold for Greater Sum.**

Bank held liable to stock buyer for proceeds received from sale of his hogs by commission company and deposited with it, which it used to pay depositor's debt to it, though part of hogs were fraudulently sold by commission company to itself in name of dummy purchaser and later resold for greater sum.

Note.—See, Headnote, American Key-Numbered Digest, Banks and banking, Key-No. 134(5), 7 C. J. Sec. 357.

Appeal from Circuit Court, Minnehaha County; HON. L. L. FLEEGER, Judge.

Action by J. A. Thompson, in behalf of himself and of many others having a common or general interest in the question involved, against the Commercial & Savings Bank of Sioux Falls. Julgment for plaintiff, and defendant appeals. Affirmed.

*Lyon, Bradford & Grigsby*, of Sioux Falls, for Appellant.

*M. G. Luddy*, of Sioux Falls, for Respondent.

GATES, P. J. In this case judgment was entered in favor of plaintiff and against defendant in the sum of $1,177.59 under similar circumstances and for the same reasons as the judgment entered in Gibbs v. Commercial & Savings Bank of Sioux Falls, 50 S. D. —, 208 N. W. 779, in which the opinion of this court is handed down herewith. The said sum was a part of the trust sum of $21,417.61 deposited in said bank on February 23, 1923, by the Tri-State Farmers' Commission Company referred to in the Gibbs case, and which deposit was wiped out by the attempted charging off of indebtedness due the bank from the commission company.

The only distinction sought to be made between this and the Gibbs case is that here 16 head of the 73 hogs shipped by plaintiff to the commission company were sold on commission, while the remaining 57 hogs were fraudulently sold by the commission company to itself in the name of a dummy purchaser. The check sent to plaintiff was for the aggregate of those sales, and that is the check which is the basis of the recovery in this case. The fact that the sale of part of the hogs was fictitious is immaterial in this action. Nor is it material that the commission company later sold the 57 hogs for a greater sum. The check received by plaintiff stands in the same relation to the bank as though it represented the actual sale of the hogs on commission.

Whether respondent was entitled to the full sum allowed or only to his proportion upon the basis of what remained after first applying the charge-off to the moneys that actually belonged to the Tri-State is not raised upon this appeal, and is therefore not hereby determined.

For the reasons stated in the Gibbs case, the judgment is affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.