SAMUEL BLUMMER v. SCANDINAVIAN AMERICAN STATE
BANK OF BADGER AND ANOTHER.[1]

November 5, 1926.

No. 25,496.

**Money deposited in state bank to pay mortgage held a special deposit and
preferred claim.**
A transaction between a bank and one leaving money with it construed as a special and not a general deposit.

Banks and Banking; 37 C. J. p. 630 n. 1; p. 632 n. 7, 8, 9, 10; p.
750 n. 60.

---

See notes in 16 L. R. A. 516; 39 L. R. A. (N. S.) 847; 3 R. C. L.
517; 1 R. C. L. Supp. 839; 4 R. C. L. Supp. 190; 6 R. C. L. Supp. 183.

Defendants appealed from the judgment of the district court for
Roseau county, Watts, J., in favor of plaintiff, which judgment was
made a preferred claim on the money of the bank in the hands of
the defendant Veigel, superintendent of banks. Affirmed.

*Clifford L. Hilton*, Attorney General, *William H. Gurnee*, Assistant Attorney General, and *H. O. Chommie*, for appellants.

*George M. Stebbins* and *F. A. Grady*, for respondent.

WILSON, C. J.

On August 14, 1920, plaintiff owed $1,500 secured by a mortgage
on his farm. On that date interest had accrued since December 1,
1919, in the sum of $61.89. The mortgage had been negotiated
through the Scandinavian American State Bank of Badger, Minnesota, by a previous owner of the farm. Plaintiff did not do business
with this bank but he gave it a check on the Farmers & Merchants
State Bank of Greenbush for $1,561.89. The bank gave him a
receipt reciting that the proceeds of the check were to pay the mortgage which matured on December 1, 1921. It also contained a

[1]Reported in 210 N. W. 865.

promise to pay plaintiff interest at 6 per cent until the money was paid to the mortgagee. Plaintiff did not provide any way of paying interest from August 14, 1920, to December 1, 1921. He apparently thought that the use of the money would in some way meet this requirement. He testified that he supposed this money would earn money for the bank but not for him. On August 31, 1920, the bank executed a certificate of deposit in the usual form in favor of plaintiff for $1,500 maturing December 1, 1921, with interest at 6 per cent having an indorsement across the end thereof, "to pay R. E. Loan * * * Loan No. 467." This certificate was never delivered. It was kept in the files of the bank. Plaintiff did not expect a satisfaction of the mortgage until December 1, 1921, and he told the bank that he would leave the money with it until the mortgage became due and it was to be used to pay the mortgage. He knew nothing of the certificate of deposit.

The bank failed. Plaintiff asserted a preferred claim against the assets of the bank which was denied by the commissioner of banks. This action followed. The trial court sustained plaintiff's contention for a preferred claim. Judgment was entered from which defendants appealed.

The evidence permitted the trial court to find, as it did, that plaintiff at the time of turning his money in to the bank, entered into an agreement with the bank that the money was left with it for a specific purpose, i. e., to pay the mortgage and for that alone. The title remained in plaintiff. The giving of the receipt was unusual in the banking business. Its language and the notation on the certificate of deposit, its irregularity for want of delivery, all tend to confirm plaintiff's claim. The provision of the receipt for the payment of interest to plaintiff is the only inconsistent incident or circumstance. Apparently plaintiff did not understand or consent thereto. It was not persuasive to the trial court. Whether a deposit with a bank is general or special depends upon the contract of the parties. In this case there could be no doubt as to what the parties intended in reference to the application of this money. The bank could use it for that purpose only. Indeed, the bank was hold-

ing this fund in trust. Dun. Dig. § 9916; Midland Nat. Bank v. Hendrickson, 165 Minn. 446, 206 N. W. 723. The money having been received for the particular purpose the relation of debtor and creditor did not exist but rather that of trustee and cestui que trust. The bank had no title to the money. Its obligation was defined by the terms of the agreement. It was a special deposit. The fact that the money was mingled with other funds is not controlling. He is a preferred creditor. Plaintiff must have his property or its equivalent. Platts v. Met. Nat. Bank, 130 Minn. 219, 220, 153 N. W. 514; Stein v. Kemp, 132 Minn. 44, 155 N. W. 1052; Stabbert v. Manahan, 163 Minn. 214, 203 N. W. 611; Pierson v. Swift County Bank, 163 Minn. 344, 204 N. W. 31; Northwestern Lbr. Co. v. Scandinavian Am. Bank, 130 Wash. 33, 225 Pac. 825, 39 A. L. R. 922; McKeon v. Meade County Bank, 37 S. D. 100, 156 N. W. 795; Fogg v. Tyler, 109 Me. 109, 82 Atl. 1008, 39 L. R. A. (N. S.) 847, Ann. Cas. 1913E, 41; Italian Fruit & I. Co. v. Penniman, 100 Md. 698, 61 Atl. 694, 1 L. R. A. (N. S.) 252; Peak v. Ellicott, 30 Kan. 156, 1 Pac. 499, 46 Am. Rep. 90; People v. City Bank of Rochester, 96 N. Y. 32; Northern Sugar Corp. v. Thompson, 13 F. (2d) 829; In re Gans & Klein (D. C.) 14 F. (2d) 116.

Affirmed.