# JOHN G. BERG v. UNION STATE BANK.[1]

July 15, 1932.

No. 28,916.

Ueland & Ueland, for appellant.

George Beaverson and Mortimer H. Boutelle, for respondent.

[1]Reported in 243 N. W. 696.

DIBELL, J.

Action to recover money claimed to have been converted by the defendant. There was a verdict for the plaintiff. The defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial. The case was here before and is reported as Berg v. Union State Bank, 179 Minn. 191, 229 N. W. 102. The facts are stated and considered at length there and abbreviated here.

■ On the first trial below, reported on appeal in 179 Minn. 191, 229 N. W. 102, the court directed a verdict for the plaintiff. This court held that the direction was in error. It said [179 Minn. 193] :

"It is uniformly held that if the bank has notice or knowledge of the true ownership of the fund, or if it has knowledge of facts and circumstances sufficient to require inquiry on its part, which inquiry if made would have disclosed the true ownership, it cannot apply the fund to an individual indebtedness owing to it by the agent or trustee depositing the same."

And referring to the effect of notice and knowledge of the true ownership of the fund the court said [179 Minn. 193] :

"When it comes to the question of whether the bank, where it has no notice or knowledge of the true ownership of the fund and no notice of circumstances calling for inquiry, can apply the fund to an indebtedness owing to it by the trustee or agent individually and thereby escape liability to the true owner, there is a sharp division in the authorities. The more numerous decisions and weight of authority appear to be that in such case the bank may apply the fund or deposit in payment of a debt owing to it by the trustee or agent individually without thereby becoming liable to the true owner.

"A substantial number of the courts however have adopted and follow a modification of this rule, referred to as the equitable rule. That rule is that a bank, even though it has no express or implied knowledge of the true ownership of the fund deposited in his own name by the trustee or agent, cannot apply such fund to the in-

dividual debt of such trustee or agent where the lack of knowledge has not resulted in any detrimental change in the bank's position and no superior equities have arisen in its favor."

Our other cases, before and after, are in accord with both propositions announced. Wegerslev v. Midland Nat. Bank, 184 Minn. 393, 238 N. W. 792; Rodgers v. Bankers Nat. Bank, 179 Minn. 197, 229 N. W. 90; Agard v. Peoples Nat. Bank, 169 Minn. 438, 211 N. W. 825, 50 A. L. R. 629; Neilsen v. Union State Bank, 165 Minn. 25, 205 N. W. 453. The case of Cardozo v. Fawcett, 158 Minn. 57, 196 N. W. 809, though the approach to a somewhat similar question was from a different angle, is interesting to note; and in 50 A. L. R. 629-635, is a comprehensive note to Agard v. Peoples Nat. Bank, 169 Minn. 438, 211 N. W. 825, 50 A. L. R. 629.

2. The merits of the case therefore are to be solved by determining whether the evidence supports a finding favorable to the plaintiff on the propositions of law stated on the former appeal and repeated above. A finding favorable to the plaintiff on either, if sustained by the evidence, supports a verdict for him. The verdict was general. We cannot say upon which or whether upon both the jury found for the plaintiff. Therefore, unless the evidence supports a finding in favor of the plaintiff upon a controlling issue, error inheres in the verdict; this upon the general ground stated over and over, that where two rights of recovery are submitted and the verdict is general, if one of such rights is not sustained by the evidence the verdict cannot be upheld. Roy v. Dannehr, 124 Minn. 233, 144 N. W. 758; Lindemann v. C. R. I. & P. Ry. Co. 154 Minn. 363, 191 N. W. 825; Vasey v. Saari, 141 Minn. 103, 169 N. W. 478; General Elec. Co. v. Florida & S. D. Co. 183 Minn. 178, 235 N. W. 876; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7168, and cases.

■ Stevens & Company, a corporation, was a brokerage house in Minneapolis. It had sold to the plaintiff warrants of Richland county, Montana, aggregating $3,772.72. On February 16, 1922, it notified Berg that if he would bring in his warrants it would collect them for him. Berg brought them in. He left them with Stevens & Company for collection. His name was not upon them. They

last appeared under the indorsement of the First National Bank of Minneapolis. Stevens & Company attached the warrants to a draft in its own favor on a local Montana bank and received credit in the defendant bank, with which it had a checking account. The defendant bank took and forwarded the draft and warrants to the Montana bank. There was the usual provision for charging back if not paid. The credit entry was made on February 23, 1922. Stevens & Company was then in the red in the defendant bank and so continued throughout the month except for two days, February 27 and February 28. The warrants were paid by the Montana county and the proceeds received by the defendant on March 8, 1922. The bank, having already given Stevens & Company credit, did nothing more than apply the money which it had credited on February 23. It made no direct offset but treated the remittance from the Montana bank as payment, and nothing was done about the account. On March 8, the day of payment, the balance of Stevens & Company in red was $5,678.33. It continued in red. On the next day it was $10,000 plus in red; the next $11,000 plus in red; the next $13,000 plus in red; and from then on throughout the month it was in red in excess of $14,000.

The question first to be determined is whether the bank had such knowledge relative to the transaction between the plaintiff and Stevens & Company as to put it upon notice of the source of the deposits of February 23, which included the four Montana warrants. It knew that Stevens & Company was in a bad financial way. During all this month of February, except as stated before, it was far behind with the bank. One of the bank's cashiers had been giving watchful personal attention to the account. The bank had under consideration a plan of a financial reorganization of Stevens & Company. The company was dealing as a broker in stocks, bonds, and warrants; and upon the whole a jury could find that fair or prudent investigation or inquiry would have led to a discovery of the beneficial ownership of the warrants; and that with the information at hand it should be charged with notice. It is hardly to be supposed that Stevens & Company, if pressed as to the ownership, would not have disclosed the fact. The evidence justified the jury in finding

notice in the bank. On March 31, 1922, it admittedly knew that the plaintiff claimed the money as coming from the collections, and it offered to pay the plaintiff if he would present an order from Stevens & Company.

■ The other question is whether the defendant, though knowledge or notice could not be found by the jury, had changed its position so that detriment resulted or so that superior equities arose in its favor. The cases noted in the first paragraph are sufficiently in point. The doctrine is adopted in this state—the so-called equitable one—and illustrated by the cases cited, that though the bank is without actual or constructive notice it cannot retain the trust money unless it has changed its position or acquired a superior equity. As stated on the former appeal, we adopt the equitable rule.

We are unable to discover evidence requiring the jury to find that the bank changed its position to its detriment after receiving the deposit or that equities arose in its favor. At the best the bank is not in position to do more than say that a jury might have found so. Perhaps the question is arguable before a jury; but nothing more. The contention would be one difficult of sustaining.

Some other questions have been raised and all have been examined. We find nothing in the claim that there was prejudicial error in the admission in evidence of the first complaint, the case being tried on an amended one. Nor do we find errors in any rulings or in charging or refusing to charge on any of the issues; nor do we feel that we should spend time in discussing the claim relative to laches or that because of the nature of the case, involving a set-off or something akin to it, there should not have been a submission for a general verdict.

Order affirmed.