FINCK, et al, Appellants, v. LARSON, et al, Respondents.

(246 N. W. 99.)

(File No. 7356. Opinion filed December 13, 1932.)

*M. L. Parish*, of Murdo, for Appellants.
*Miller & Shandorf,* of Mitchell, for Respondent Cohrt.

PER CURIAM.  This is an appeal from an order sustaining a demurrer interposed by defendant A. C. Cohrt to the complaint.

The complaint alleges that on December 6, 1930, the defendant Wm. Larson purchased hogs from the plaintiffs; that the purchases were sufficient to make up a carload; that Larson sold the hogs to Swift & Co. through the defendant Cohrt, who acted as broker for Swift & Co. and as factor for defendant Larson; that Larson delivered to each of the plaintiffs a check drawn on the defendant Okaton State Bank for the purchase price; that after the hogs had been delivered to Larson by the plaintiffs and before the checks were drawn in payment thereof, defendant Larson drew a sight draft on Cohrt for a sufficient amount to honor the checks; that defendant Cohrt dishonored the sight draft by nonacceptance, deducted the amount of indebtedness owing to him on an excess payment on a prior shipment and on a promissory note, and remitted the balance by check to Larson; that at the time Cohrt deducted the amount of the indebtedness from the proceeds of the sale of the hogs he knew from prior dealings between himself, Larson, and the Okaton State Bank, that the hogs were to be paid for by Larson from the proceeds derived from the sale of the hogs, and for which purpose Larson through the Okaton State Bank had drawn the sight draft; that defendant Cohrt knew that Larson could not pay for the hogs and that the checks drawn on the bank in payment of the hogs would not be honored by the bank until Cohrt honored the sight draft or remitted the proceeds from the sale of the hogs to the bank; and that defendant Larson is insolvent.

It is not alleged or contended that Larson was the agent of the plaintiff, and this case is distinguishable from the cases of Shotwell v. Sioux Falls Savings Bank, 34 S. D. 109, 147 N. W. 288, L. R. A. 1915A, 715; Gibbs v. Commercial & Savings Bank, 50 S. D. 134, 208 N. W. 779, and other cases cited by appellant where an agent for the plaintiff sells property and the plaintiff is held to be entitled to the proceeds from the sale.  No claim is here made that the plaintiff retained title to the hogs in consequence of a fraud having been perpetrated by the vendee in the purchase of the hogs.  Assuming that an agreement between a seller and an

insolvent purchaser that money realized from a resale would be remitted to a bank for the purpose of making payment is a valid and enforceable agreement, not only against the purchaser, but also against any third party who had notice of the agreement or notice of the equitable right of the seller to the proceeds, we are of the view nevertheless that the complaint is insufficient to state a cause of action. It is not alleged that there was an agreement between the plaintiffs and Larson, or that the plaintiffs consented to an arrangement, whereby the proceeds would be remitted to the defendant bank for the purpose of paying the checks delivered to them, or that the performance of such an agreement constituted a condition precedent to the consummation of the sale of the hogs.

The order appealed from is affirmed.

All the Judges concur.